# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CORYDORAS TECHNOLOGIES, LLC | § | |
| | § | |
| v. | § | Case No. 2:19-CV-00304-JRG-RSP |
| | § | |
| BEST BUY CO., INC. and | § | |
| BEST BUY STORES, L.P. | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Corydoras Technologies, LLC and Defendants Best Buy Co., Inc. and Best Buy Stores, L.P., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS the Parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harm to the producing party;

WHEREAS, the Parties believe that good cause exists for the entry of this Protective Order, which is narrowly tailored to protect the aforementioned confidential information of the parties; and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a non-party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such

document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."  For natively produced Protected Material, the word "CONFIDENTIAL" shall be placed in the filename of each such natively produced document.

2.   Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" shall receive the same treatment as if designated "CONFIDENTIAL" under this Order  or  if designated as "Confidential – Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.   With respect to documents, information or material designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (or "CONFIDENTIAL – ATTORNEYS EYES ONLY"), or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE

the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY") may be made at any time.  The production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party,

---

ATTORNEYS' EYES ONLY," both individually and collectively.

upon order of the Court:

(a)     outside counsel of record in this Action[2] for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel — as well as their immediate paralegals and staff — for the Parties who are active members in good standing of at least one state bar and: (1) have responsibility for making decisions dealing directly with the litigation of this Action, or (2) are assisting outside counsel in the litigation of this Action;

(d)     one (1) designated employee of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that before access is given, the employee has completed the Acknowledgement and Agreement to be Bound attached as Appendix A hereto and the same is served upon the producing Party. At least ten (10) days before access to the Protected Material is to be given to the designated employee, the producing Party may object to such disclosure for good cause and must notify the receiving Party in writing that it objects to disclosure of Protected Material to the designated employee for good cause.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action[3]; (2) before access is given, the consultant or expert has completed the Acknowledgement and Agreement to be Bound attached as Appendix A hereto and the same is served upon the producing Party together with: (i) a current curriculum vitae of the consultant or expert, and (ii) a list of the cases in which the consultant or expert has testified at deposition or trial within the last five (5) years, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert, to object to for good cause and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert for good cause.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days

---

[2] This "Action" means Case No. 2:19-cv-00304-JRG.

[3] For the avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party in another litigation would not be precluded under this section.

of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a non-party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the existence of the information contained in such Protected Material (i) shall be used by the Parties only in the prosecution or defense of this Action, (ii) shall not be used for any other purpose, and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided.   All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to

all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."

9.      For Protected Material designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

10.     For Protected Material designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) ("stand-alone computer"). The stand-alone computer shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the stand-alone computer. All persons entering the locked room containing the stand-alone computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer. Unless otherwise agreed to in writing by the parties, the stand-alone computer may only be located at the offices of the producing Party's outside counsel. The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any source code review and may visually monitor the activities of the receiving Party's representatives in which the stand-alone computer is located but only to ensure that no unauthorized electronic records of the Source Code Material and no unauthorized information concerning the Source

Code Material are being created or transmitted in any way.  The producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the producing Party's business.  The receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching the Source Code Material be installed on the stand-alone computer, provided, however, that (a) the receiving Party possesses an appropriate license to such software tools; and (b) such software tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein.  The receiving Party must provide the producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the stand-alone computer.  The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code Material into the notes and may not take such notes electronically on the stand-alone computer itself or any other computer;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY shall be limited to outside counsel and up to three (3) outside consultants or experts[4] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above;

---

[4] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(f)     To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY;

(g)     Except as set forth in this or other paragraphs, no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.  The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to create Source Code Documents, or any drafts[5] of these documents.  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order.   Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders;

(h)     No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein.  The producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site

---

[5] Drafts shall only include those excerpts the receiving Party believes will be included in the final version.

printing during inspection of the Source Code Material.  The receiving Party may print limited portions of the Source Code Material as necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code Material shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy.  The receiving Party may print out no more than 150 pages total.  The receiving Party shall not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance.  Upon printing any such portions of Source Code Material, the printed pages shall be collected by the producing Party.  The producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" any pages printed by the receiving Party.  Within ten (10) days, the producing Party shall either (i) provide one copy set of such pages to the receiving Party or (ii) inform the requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code Material in question was printed for a permitted purpose.  The printed pages shall constitute part of the Source Code Material produced by the producing Party in this action.  The receiving Party's outside counsel of record may make no more that three (3) additional paper copies of any portions of the Source Code Material received from a producing Party, not including copies attached to court filings or used at depositions.  Even if within the limits described, the producing Party may challenge the amount of source code requested in hard copy form, or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity, pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 20 whereby the producing Party is the "requesting Party" and the receiving Party is the "designating Party" for purposes of dispute resolution.  Printouts of contested Source Code Material do not need to be produced to the receiving Party until the matter is resolved by the Court;

(i)     If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition; and

(j)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above on paper via hand carry, Federal

Express or through a courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except that Source Code Material may only be transported electronically as is reasonably necessary for filing any documents with the Court that contain Source Code Material with the Court or serving such Source Code Material on another Party.

(k)     The receiving Party's outside counsel and/or expert [authorized under 5(e)] shall be entitled to take notes relating to the Source Code Material but may not copy the Source Code Material into the notes, unless it is necessary to do so and only to the extent those notes contain source code file names, source code function names and/or source code page/line numbers.  No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein.  No notes shall be left behind at the site where the stand-alone computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."

(l)     A list of names of persons who will review Source Code Material on the stand-alone computer will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection.  Prior to the first inspection of any Source Code Material on the stand-alone computer, the receiving Party shall provide twenty (20) business days' notice to schedule the initial inspection with the producing Party.  The receiving Party shall provide ten (10) business days' notice in advance of scheduling any additional inspections.  Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection.  The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(m)    The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the producing Party to any person and a log of any electronic images of Source Code Material.  The log shall include the names of the recipients and reviewers of copies and locations where the Source Code Printouts are stored.  Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives any Source Code Printouts or portion thereof; and

(n)     All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if the Receiving Party no longer contemplates using the Source Code Printouts.  Copies of Source Code Printouts that are marked as deposition

exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11. Absent  written consent from the producing Party, any individual attorney representing Plaintiff who reviews items of a technical subject matter, that is designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY under this Order shall not prepare, prosecute, supervise, or assist or participate in any way in: (1) the preparation or prosecution of any patent application related to the functionality, operation, and design of electronic devices with the following functionalities: voice dialing, call blocking, camera(s) and image processing, remote control via a wireless electronic device or electronic mail on behalf of the Plaintiff or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals, or (2) the amending of any claim in any patent asserted in this Action or the drafting of any claim to be added (via substitution or otherwise) to any patent asserted in this Action in any patent reexamination proceeding, patent reissue proceeding, *inter partes* review proceeding, post-grant review proceeding, or covered business method review proceeding (individually, each is a "Restricted Proceeding" and collectively, all are "Restricted Proceedings").  For purposes of this Paragraph, "prosecution" includes the preparation or amendment of claims or advice or counseling regarding the preparation of claims or amendment of claims in any patent application or patent, as part of an original prosecution in the United States or elsewhere.  This Prosecution Bar shall begin when the review of items of a technical subject matter, that is designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL

SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY by the affected individual first begins and shall continue for a period of time that shall be the longer of either: (i) two years from the first disclosure of any items of a technical subject matter, that is designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY to the individual; and (ii) one year after final termination of the Action, including any appeals thereof, and all Protected Material has either been returned or destroyed as required by Paragraph 25. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between such attorneys that review items of a technical subject matter, that is designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application or who will participate or is participating in amending any claim of or adding any claim to a patent in a Restricted Proceeding, relating to any technology at issue in the Action. Notwithstanding the foregoing, nothing in this Paragraph shall prevent such attorney(s) as counsel of record for Plaintiff from providing advice to Plaintiff pursuant to paragraph 35 of this Order or from actively participating (other than as set forth above) in any Restricted Proceeding concerning a patent asserted in this Action, including any challenge to the validity of any patent, and these prohibitions are not intended to and shall not preclude counsel for Plaintiff from participating in Restricted Proceedings to discuss the scope and content of prior art with prosecution counsel.

12.     Absent written consent from the producing Party, any individual attorney representing

Plaintiff who reviews items of a technical subject matter, that is designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY under this Order shall not advise clients as to which patents to acquire from an unrelated third party (i.e., a party over which the client does not have control at the time the advice is given) to assert against the producing Party to the extent such patents are related to the functionality, operation, and design of electronic devices with the following functionalities: voice dialing, call blocking, camera(s) and image processing, remote control via a wireless electronic device or electronic mail, but the affected individual may advise on legal matters that involve such patents not directly related to the producing Party.  This Acquisition Bar shall begin when such DESIGNATED MATERIAL is first received by the affected individual and shall end one (1) year after final termination of the Action, including any appeals thereof, and all Protected Material has either been returned or destroyed as required by Paragraph 25.  This bar shall not prohibit counsel to advise regarding the validity of such patents, and does not apply to settlement negotiations of litigation. Nothing in this paragraph shall prevent such attorney from representing a client  that owns or has rights to assert a patent(s) or other intellectual property rights against any producing Party.

13.  Protected Material must be stored and maintained by a receiving Party at a location in the United States and in a secure manner that ensures access is limited to the person(s) authorized under this Order.  Each party receiving Protected Material shall comply with applicable U.S. Export Administration regulations found at 15 C.F.R. § 730 *et seq.*  To ensure such compliance, Protected Material may not be exported outside the United States

or released to any foreign national (even if within the United States).

14.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced pursuant to Federal Rule of Evidence 502(d), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may  obtain  the return  of  such  documents,  information  or  other  material  by  promptly  notifying  the recipient(s) and providing a privilege log for the produced documents, information or other material.  The receiving Party may move the Court for an order compelling production of any produced or disclosed privileged documents, information or other material, but the motion shall not assert as a ground for production the fact of the production or disclosure, nor shall the motion disclose or otherwise use the content of the produced documents, information or other material (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.[6]   The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the

---

[6] Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the disclosure of privileged information.

producing Party.  No use shall be made of such documents, information or other material during deposition or at trial, or for any other purpose or in any other manner, nor shall such documents, information or other material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information. If any such produced material has been used in any other document generated in connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed.  This Order constitutes a Federal Rule of Evidence 502(d) order, establishing that any produced material subject to the attorney-client privilege or work product immunity is not a waiver.

15.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) by virtue of his or her employment with the producing Party someone who has access to the DESIGNATED MATERIAL, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current officer, director or employee of the producing Party or a current officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside

counsel and in-house counsel otherwise permitted to receive the DESIGNATED MATERIAL in question; (v) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and otherwise permitted to receive the DESIGNATED MATERIAL in question; (vi) court reporters and videographers; (vii) the Court; or (vii) other persons entitled hereunder to access DESIGNATED MATERIAL.   DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[7]  A Party shall give the other Party(ies) reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Party(ies) can ensure that only authorized individuals are present at those proceedings.

17.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

---

[7] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Acknowledgement and Agreement to be Bound attached as Appendix A. In the event such attorney declines to sign the Acknowledgement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform to the labeling requirements set forth in this Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.    If the designating Party does not agree to a re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.   The Parties recognize that, during the course of this case, non-Parties may be called upon to produce documents, information or other materials that the non-Parties believe should be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."  In such a case, the non-Party who produces such documents, information or other materials is considered to be a producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate such documents, information or other materials as Protected Material.  A non-Party's use of this Order to designate Protected Material does not entitle that non-Party to access any other Protected Material produced by any Party or other non-Party in this case.  Nothing herein precludes a non-Party from negotiating additional protections for the production, designation or protection of its Protected Materials, beyond those provided in this Order.

23.   In the event that a Party is required, by a valid discovery request, to produce a non-Party's confidential information in its possession, and the Party is subject to an agreement with the non-Party not to produce the non-Party's confidential information, then the Party shall:

(a)   Promptly notify in writing the requesting Party and the non-Party that some or all of the information requested is subject to a confidentiality agreement with a non-Party;

(b)     Promptly provide the non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     Make the information requested available for inspection by the non-party.

If the non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the producing Party may produce the non-Party's confidential information responsive to the discovery request.  If the non-Party timely seeks a protective order, the receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-Party before a determination by the court.  Absent a court order to the contrary, the non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

24.    If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     not interfere with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.  If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE

ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission, or is required by court order to do so. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

25.   Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

26.   The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any

action alleged to constitute a violation of this Order.

28.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.   Nothing in this Order shall be construed to affect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.   To the extent that any one party or non-Party in this litigation provides Protected Material under the terms of this Protective Order to another Party, the receiving Party shall not share that material with the non-Parties, absent express written permission from the producing Party.  Except as otherwise permitted herein, this Order does not confer any right to any one Party (or non-party) to access the Protected Material of any other Party (or non-party).

32.   Notwithstanding the provisions of this Protective Order, no Party shall disclose Protected Material of any Party or non-Party to any other non-Party through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Party or non-Party that produced the Protected Material.  Any attorney that has appeared in this case and/or is served with documents containing Protected Materials filed via the Court's ECF system is

deemed to be authorized to receive such documents and is deemed to be authorized to receive documents that are otherwise served in this case.  If a Party seeks to disclose Protected Material of any non-Party to any other non-Party, then the Party will seek consent from the non-Party who produced the Protected Material at issue.  The non-Party will then have ten (10) business days to respond to the request.  The non-Party will not unreasonably withhold its consent.  If the Party receives no response, then it may proceed with the requested disclosure.  If objecting to the disclosure, the non-Party shall state the complete grounds for the objection.  Thereafter, further dispute shall be resolved in accordance with the following procedures:

(a)     The Party shall have the burden of conferring either in person, in writing, or by telephone with the objecting non-Party in a good faith effort to resolve the dispute. The non-Party shall have the burden of justifying the objection;

(b)     Failing agreement, the Party may bring a motion to the Court for a ruling that the Protected Material in question is entitled to disclosure to any other non-Party.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against disclosure of a  Protected Material to any other non-Party, establish any presumption that a particular objection is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(c)     Notwithstanding any objection to disclosure, the Protected Material in question shall not be disclosed to any other non-Party until one of the following occurs: (i) the non-Party who produced the Protected Material in question withdraws such objection in writing; or (ii) the Court rules that the Protected Material in question may be disclosed to other  non-Parties.

33.     This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.  This paragraph applies only to the extent any such person or entity has received Protected Material.

34.    The provisions of this Order are not intended to unduly interfere with the Parties' efficient preparation of the case for trial.  Some of the provisions represent compromises made by the Parties to reach an agreement at an early stage of the litigation when the full extent of the Parties' production under this Order is still unclear.  To the extent any Party finds that the provisions of this Order are interfering with its efficient preparation of the case for trial or that stricter provisions may be necessary for the protection of a Party's confidential information, they can seek modifications form the Court without being prejudiced by having agreed to any of the provisions.

35.    Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

**SIGNED this 19th day of December, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CORYDORAS TECHNOLOGIES, LLC | § | |
| | § | |
| v. | § | Case No. 2:19-CV-00304-JRG-RSP |
| | § | |
| BEST BUY CO., INC. and | § | |
| BEST BUY STORES, L.P. | § | |

**APPENDIX A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare that:

1.     My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.     I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE

1

ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____