# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CORYDORAS TECHNOLOGIES, LLC, § § | |
| Plaintiff, § § | |
| v. § § | The Honorable Rodney Gilstrap |
| BEST BUY CO., INC., and BEST BUY STORES, § L.P., § § | Civil Action No. 2:19-cv-00304-JRG-RSP |
| Defendants. § § § | |

**DEFENDANTS' MOTION TO STAY CLAIMS PENDING RESOLUTION OF DECLARATORY JUDGMENT ACTION IN THE WESTERN DISTRCIT OF TEXAS**

# **TABLE OF CONTENTS**

        **Page**

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND .................................................................................................2

ARGUMENT ..........................................................................................................................3

    I.     FEDERAL CIRCUIT LAW REQUIRES THE CUSTOMER CASE AGAINST BEST BUY TO BE STAYED PENDING THE OUTCOME OF AMAZON'S DECLARATORY JUDGMENT ACTION. ..........................................................3

    II.    ALLOWING THE CASE TO PROCEED AS CURRENTLY CONSTITUTED WOULD UNDERMINE THE RULES OF JOINDER UNDER 35 U.S.C. § 299 OF THE LEAHY-SMITH AMERICA INVENTS ACT. .........................................9

CONCLUSION .....................................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES**                                                                                      **PAGE(S)**

*Amazon.com, Inc. v. Corydoras Techs., LLC*,
    Case No. 1:19-cv-01095 (W.D. Tex.)..................................................................................1, 2

*Blue Spike, LLC v. Zeitera, LLC*,
    No. 14-cv-01648, 2014 WL 4310977 (N.D. Cal., Aug. 28, 2014) ...........................................7

*Capital Sec. Sys., Inc. v. NCR Corp.*,
    Nos. 14-cv-1516, 14-cv-3370, 14-cv-3371, 2015 WL 3819336 (N.D. Ga. Jun. 18, 2015) ....................................................................................................................................7

*Cellular Commc'ns Equip., LLC v. Apple Inc.*,
    No. 14-cv-251, 2016 WL 6884648 (E.D. Tex. Aug. 26, 2016)................................................7

*Collaborative Agreements, LLC v. Adobe Sys. Inc.*,
    No. 14-cv-356, 2015 WL 10818739 (W.D. Tex. Aug. 21, 2015).............................................7

*CyWee Grp. Ltd. v. Huawei Device Co.*,
    No. 17-cv-00495, 2018 WL 4002776 (E.D. Tex. Aug. 22, 2018).............................................6

*Datatreasury Corp. v. Wells Fargo & Co.*,
    490 F. Supp. 2d 749 (E.D. Tex. 2006).....................................................................................8

*Del. Radio Techs., LLC v. Beasley Broad. Grp., Inc.*,
    No. 13-1813, Dkt. No. 27 (D. Del. Jan. 7, 2015).....................................................................7

*Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
    No. 16-cv-00618, 2017 WL 365398 (E.D. Tex. Jan. 25. 2017) .............................................7

*Golden Bridge Tech., Inc. v. Apple Inc.*,
    No. 2:12-cv-4014-ODW(FFMx), 2012 WL 3999854 (C.D. Cal. Sept. 11, 2012) ......................................................................................................................................10

*In re Dell Inc.*,
    600 F. App'x 728 (Fed. Cir. 2015) .........................................................................................3

*In re Google*,
    588 F App'x 988 (Fed. Cir. 2014) ..............................................................................1, 4, 5, 6

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014)..................................................................................1, 3, 4, 6

*In re Telebrands Corp.*,
    773 F. App'x 600 (Fed. Cir. 2016) .........................................................................................3

*Interval Licensing LLC v. AOL, Inc.*,
    No. C10-1385 MJP, 2011 WL 1655713 (W.D. Wash. Apr. 29, 2011) ....................................9

*Katz v. Lear Siegler, Inc.*,
    909 F.2d. 1459 (Fed. Cir. 1990)...................................................................................4

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
    No. 12-088, 2012 WL 2803695 (D. Del. July 10, 2012) ..............................................8

*Save Power Ltd. v. Syntek Fin. Corp.*,
    121 F.3d 947 (5th Cir. 1997) ........................................................................................3

*Select Retrieval, LLC v. ABT Elecs.*,
    No. 11 C 03752, 2013 WL 6576861 (N.D. Ill. Dec. 13, 2013) ...................................8

*Select Retrieval, LLC v. AmeriMark Direct LLC*,
    Nos. 11–812, 12-1440, 2013 WL 3381324 (D. Del. July 3, 2013)..............................8

*Select Retrieval, LLC v. L.L. Bean, Inc.*,
    No. 2:12–cv–00003, 2013 WL 1099754 (D. Me. Mar. 15, 2013)...............................8

*Spread Spectrum Screenings LLC v. Eastman Kodak Co.*,
    657 F.3d 1349 (Fed. Cir. 2011)..............................................................................3, 4

*Telebrands Corp. v. Nat'l Express, Inc.*,
    No. 12-6671, 2014 WL 4930897 (D. N.J. Oct. 2, 2014) .............................................7

*Tierravision, Inc. v. Research in Motion Ltd., et al.*,
    No. 11-cv-0639 DMS (BGS), 2011 WL 4862961 (S.D. Cal. Sept. 16, 2011) ...........9

*Victaulic Co. v. Romar Supply, Inc.*,
    Nos. 13-cv-03788, 13-cv-04050, 2015 WL 1257432 (N.D. Ga. Mar. 18, 2015) .......7

*WiAV Networks, LLC v. 3Com Corp.*,
    No. C 10-3488 WHA, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) .........................9

*WP Banquet, LLC v. Target Corp.*,
    No. 16-02082, 2016 WL 9450448 (C.D. Cal. Dec. 15, 2016)....................................7

**STATUTES AND RULES**

35 U.S.C. § 299.................................................................................................................9, 10

**OTHER AUTHORITIES**

157 Cong. Rec. H.4226 (daily ed. June 22, 2011) ..............................................................10

## **INTRODUCTION**

Corydoras claims in this case that Best Buy[1] infringed its patents because it markets and sells Amazon's Fire tablets. Best Buy had no role in the design or creation of these tablets; it merely offers them for sale in its stores along with thousands of other products from other manufacturers.

Instead of suing Amazon, the party with the greatest incentive and ability to defend the technology, Corydoras went after a customer whose defense is necessarily much more difficult. In other words, this is a classic customer suit of the type the Federal Circuit seeks to prevent in order to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d. 1459, 1464 (Fed. Cir. 1990)).

Customer suits are an increasingly common strategy among patent assertion entities, and thus the Federal Circuit has given clear guidance to district courts as to how to proceed: they must stay the customer suit in favor of an action brought by the manufacturer Here, Amazon has filed a declaratory judgment action to defend its customer and its products, seeking a declaration that the accused Fire tablets do not infringe and requesting the court enjoin Corydoras from prosecuting this action or further harassing its customers. *See Amazon.com, Inc. v. Corydoras Techs., LLC*, Case No. 1:19-cv-01095 (W.D. Tex.). Controlling Federal Circuit law directs the Court to stay Corydoras' claims against Amazon products pending the resolution of this declaratory judgment action. *Nintendo*, 756 F.3d at 1366 (claims against customers should be stayed pending resolution of suits between patentees and manufacturers or suppliers); *In re Google*, 588 F App'x 988, 990-991 (Fed. Cir. 2014) (same). Best Buy respectfully requests the Court to enter such a stay here.

---

[1] "Best Buy" will refer collectively to defendants Best Buy Co., Inc. and Best Buy Stores, L.P.

## FACTUAL BACKGROUND

On September 4, 2019, Corydoras filed this suit against Amazon's customer Best Buy alleging infringement of the following U.S. Patent Nos.: 7,778,664 ("the '664 patent"), 7,945,256 ("the '256 patent"), 7,996,037 ("the '037 patent"), 8,024,009 ("the '009 patent), and 8,731,540 ("the '540 patent) ("Asserted Patents"). (Dkt. 1.) In its complaint, Corydoras purports to be the owner of all right, title, and interest in the Asserted Patents. (*Id.* at ¶¶ 1, 20, 40, 60, 80, 100.) The complaint further alleges that Best Buy infringes the Asserted Patents by using, selling, and/or offering for sale, Amazon's Fire tablets. (*Id.* at ¶¶ 25, 45, 65, 85, 105.) However, Corydoras's complaint makes clear that it is Amazon's technology—and not technology created or supplied by Best Buy, other than as a product retailer—that is the basis of Corydoras's infringement case.

Corydoras also alleges infringement by additional manufacturers other than Amazon: Microsoft, Dell, Alienware, HP, Acer, Google, Nokia and BLU. (Dkt. 1 at ¶ 18.) However, Amazon's technology has no connection with the other manufacturers, beyond the allegation that each of the technologies separately infringe the same patents. (Dkt. 1 at ¶¶ 25, 45, 65, 85, 105.)

To protect its customer and technology, Amazon filed a lawsuit in the Western District of Texas on November 11, 2019, seeking a declaration that Amazon's technology does not infringe those claims. (*See Amazon.com*, Case No. 1:19-cv-01095 (W.D. Tex.), Dkt.1 at ¶¶ 27, 34, 41, 48, 55.) In its complaint, Amazon explains that Best Buy is only a retailer of the Accused Products and that any dispute about whether Amazon's technology infringes Corydoras's patents should be litigated in that case alone. (*Id.* at ¶¶ 3, 12.) The declaratory judgment action will resolve all infringement issues in this case that concern Amazon's Fire tablets or other Amazon technology.

**ARGUMENT**

I.  **FEDERAL CIRCUIT LAW REQUIRES THE CUSTOMER CASE AGAINST BEST BUY TO BE STAYED PENDING THE OUTCOME OF AMAZON'S DECLARATORY JUDGMENT ACTION.**

To conserve judicial resources, both the Federal Circuit and Fifth Circuit follow the "first-to-file rule," which "stands for the common sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases," and where "the overlap is complete or nearly complete, the usual rule is for the court of first jurisdiction to resolve the issues." *In re Telebrands Corp.*, 773 F. App'x 600, 602 (Fed. Cir. 2016); *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

However, customer suits fall into an important exception to the first-to-file rule: "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturers." *In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015), quoting *Katz*, 909 F.2d at 1464. As such, "courts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screenings LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). The guiding principle behind the customer suit exception cases is judicial economy. *Id.* (citing *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006)).

Accordingly, Federal Circuit law compels a stay of the claims against Amazon devices in this action under the customer suit exception to the first-to-file rule. The Federal Circuit has repeatedly held that declaratory judgment actions brought by the upstream manufacturer or supplier of accused technology—like Amazon's action in the Western District of Texas—must be resolved before suits against downstream customers are initiated. *See In re Nintendo*, 756 F.3d at 1365 (customer suit doctrine is an "exception to the 'first-to-file' rule [which] exists to avoid, if

3

possible, imposing the burdens of trial on the customer").

The customer suit exception is also "based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse." *Spread Spectrum Screenings*, 657 F.3d at 1357 (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)); *see also Katz*, 909 F.2d at 1464 (stating that "manufacturer is the true defendant in the customer suit" and that it "must protect its customers, either as a matter of contract, or good business, in order to avoid the damaging impact of an adverse ruling against its products") (citation omitted).

Moreover, the customer suit exception is so well settled that the Federal Circuit has ordered the extraordinary writ of mandamus compelling the stay of downstream customer suits in factor of declaratory judgment suits brought by upstream suppliers. *In re Google*., 588 F. App'x at 990; *In re Nintendo*, 756 F.3d at 1363. Those cases compel the same result here.

For example, in *In re Google*, patent holders Rockstar Consortium US LP and Mobilestar Technologies, LLC (collectively, "Rockstar") filed suit against a number of mobile phone manufacturers in the Eastern District of Texas, alleging infringement of software patents based on their incorporation of the Google Android operating system. 588 F. App'x at 989. Shortly thereafter, Google filed a complaint in the Northern District of California seeking a declaratory judgment of non-infringement so that it could remove any cloud of uncertainty over its operating system and its own branded mobile phones. *Id*. In response, Rockstar amended its complaints in the Eastern District of Texas to add Google as a defendant to its customer cases and moved to dismiss or transfer the Northern District of California actions. *Id*. The Northern District of California denied that motion, based on the fact that Rockstar's allegations targeted Google's Android operating system, and the majority of the relevant discovery related to Rockstar's claims

4

was in Northern California. *See id*. In response, Google and the phone manufacturers moved to stay the customer suits in the Eastern District of Texas, which that court denied. *Id*. at 989-90. The Federal Circuit, however, issued a writ of mandamus directing the Eastern District of Texas to stay the customer suits, explaining that the "clear" inefficiency of having parallel proceedings involving the same patents and accused products presented a "classic case for a stay":

> Given these facts, it is clear that there was no need to proceed with the five Texas actions because the one California action may suffice. Such circumstances present a classic case for a stay: The only potential results of adjudicating these cases in parallel fashion would be the Texas and California courts agree on the major issues of the litigation, thus producing wasteful and unnecessary litigation, or the courts disagree, thus producing conflicting decisions.

*Id*. at 990 (emphasis added). The Federal Circuit further found that even though the customers allegedly modified the accused operating system and were not "mere resellers" of Google technology, the cases substantially overlapped, and "staying proceedings in Texas w[ould] likely further the [] objectives [of saving litigation resources] by mooting or at least advancing the 'major premises' being litigated in the Texas actions." *Id*. at 991 (quoting *Katz*, 909 F.3d at 1464). The Federal Circuit held that the Texas district court's refusal to stay the customer suits was "a clear abuse of discretion" because it "frustrate[d] the comity doctrine, requiring two federal district courts and the parties to expend resources to resolve substantially similar cases and issues." *Id*. at 991-92.

Like Rockstar in the *Google* case, Corydoras purposefully sued the wrong party. Just as in *Google*, Corydoras is suing downstream customers of the accused technology. Just as in *Google*, Amazon sought a declaratory judgment to defend its customers and technology, and that action substantially—if not completely—overlaps with the customer suit. Furthermore, the Federal Circuit in *Google* emphasized the need for a "flexible approach" to protect even those customers who are not "mere resellers" under the customer-suit exception. *Id*. at 991. Here, Best Buy *is* the

5

"mere reseller," and thus the very type of defendant the customer suit exception doctrine intends to protect from wasteful and unnecessary litigation. Accordingly, just as in *Google*, this case must be stayed with respect to Amazon's accused devices.

The Federal Circuit issued a similar mandate in *In re Nintendo of America, Inc.* There, Secure Axcess LLC sued retailers of Nintendo's video game systems for patent infringement, including Best Buy. 756 F.3d at 1365. The district court denied a motion brought by Nintendo and its retailers to sever and stay claims against the retailer defendants and to allow Nintendo to defend its video game system against Secure Axcess's infringement claims in another court. In response to Nintendo's petition for a writ of mandamus, the Federal Circuit vacated the district court's denial and directed the district court to grant the motion. In so doing, the Federal Circuit noted that "Nintendo's liability is predicate to recovery from any of the defendants, [and thus] the case against Nintendo must proceed first, in any forum" because Nintendo is the "true defendant." *Id*. at 1365-66. Similarly, here, Corydoras has no claim against BestBuy unless it *first* proves that Amazon's technology provides or performs the limitations of the patent claims it asserts. Amazon's liability is thus "predicate to recovery from" Best Buy here. *Id*.

This authority, and principles of judicial efficiency, compel a stay of this case with respect to claims against Amazon technology pending the resolution of Amazon's declaratory judgment case. Consequently, because the resolution of Amazon's declaratory judgment case will resolve the major issues of patent infringement, the customer suit should be stayed as a matter of judicial efficiency and economy.

District courts throughout the country routinely stay customer suits pending resolution of suits between patentees and manufacturers or suppliers for the same reasons and this Court should do so here. *See, e.g.*, *CyWee Grp. Ltd. v. Huawei Device Co*., No. 17-cv-00495, 2018 WL 4002776

6

(E.D. Tex. Aug. 22, 2018) (granting stay against retailer defendant in favor of claims against manufacturer); *Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 16-cv-00618, 2017 WL 365398, at *10 (E.D. Tex. Jan. 25. 2017) (staying more than 30 customer suits in Texas in favor of a single declaratory judgment suit filed by Amazon where stay would "vastly simply the issues in question and trial of the case, and resolution of the single EDVa DJ action could singlehandedly resolve the 30 or more pending EDTx patent suits"); *WP Banquet, LLC v. Target Corp.*, No. 16-02082, 2016 WL 9450448, at *6 (C.D. Cal. Dec. 15, 2016) (citing "principles of judicial economy," severing and staying claims against retailer pending resolution of claims against manufacturer of allegedly infringing product); *Cellular Commc'ns Equip., LLC v. Apple Inc.*, No. 14-cv-251, 2016 WL 6884648, at *3 (E.D. Tex. Aug. 26, 2016) (severing and staying claims against cellular carriers pending resolution of claims against manufacturer of accused cellular phones); *Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 14-cv-356, 2015 WL 10818739, at *1, *5 (W.D. Tex. Aug. 21, 2015) (severing and staying claims against Adobe customers based on their use and incorporation of Adobe software pending resolution of claims against Adobe); *Capital Sec. Sys., Inc. v. NCR Corp.*, Nos. 14-cv-1516, 14-cv-3370, 14-cv-3371, 2015 WL 3819336, at *3 (N.D. Ga. Jun. 18, 2015) (customer suits "required to be stayed pending the resolution of the dispute between Plaintiff and [supplier]"); *Victaulic Co. v. Romar Supply, Inc.*, Nos. 13-cv-03788, 13-cv-04050, 2015 WL 1257432, at *3 (N.D. Ga. Mar. 18, 2015) (same); *Del. Radio Techs., LLC v. Beasley Broad. Grp., Inc.*, No. 13-1813, Dkt. No. 27 (D. Del. Jan. 7, 2015) (granting stay of cases against broadcasters pending resolution of declaratory judgment action brought by maker of HD radio software accused of infringement); *Telebrands Corp. v. Nat'l Express, Inc.*, No. 12-6671, 2014 WL 4930897, at *6 (D. N.J. Oct. 2, 2014) (severing and staying claims against retailer defendants in favor of claims against manufacturers "in the interests of judicial economy and efficiency"); *Blue*

7

*Spike, LLC v. Zeitera, LLC*, No. 14-cv-01648, 2014 WL 4310977, at *1 (N.D. Cal., Aug. 28, 2014) (granting stay as to customer, rejecting argument that accused customer product was "greater than the sum of its [supplier-provided] parts"); *Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 WL 6576861, at *1 (N.D. Ill. Dec. 13, 2013) (granting customer-suit stay in favor of declaratory judgment action); *Select Retrieval, LLC v. AmeriMark Direct LLC*, Nos. 11–812, 12-1440, 2013 WL 3381324, at *1–2 (D. Del. July 3, 2013) (same); *Select Retrieval, LLC v. L.L. Bean, Inc.*, No. 2:12–cv–00003, 2013 WL 1099754, at *1 (D. Me. Mar. 15, 2013) (same); *Pragmatus Telecom, LLC v. Advanced Store Co.*, No. 12-088, 2012 WL 2803695, at *3–4 (D. Del. July 10, 2012) (granting customer-suit stay).[2]

The federal courts are not alone in seeking to prevent abusive customer litigation; Congress and the Federal Trade Commission share their concerns. Congress tasked the FTC with preparing a report recommending policy changes aimed at "address[ing] the abusive practices of patent assertion entities (PAEs) that are a drag on innovation, competition, and our economy," and duplicative customer suits were among the abusive practices expressly identified Fed. Trade Comm'n, Patent Assertion Entity Activity: An FTC Study (2016) at E-2, https://www.ftc.gov/system/files/documents/reports/patent-assertion-entity-activity-ftc-study/p131203_patent_assertion_entity_activity_an_ftc_study_0.pdf. In the report, the FTC

---

[2] On motion to stay, this Court considers "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006) (citation omitted). Each factor supports a stay. If the customer case is stayed and Corydoras prevails, it would still be able to pursue its claims against the customers in this district. Litigating in the Western District of Texas and staying the customer case presents no clear tactical disadvantage. And resolving Corydoras's claims against the technology that is truly accused—Amazon technology—will streamline, if not eliminate, Corydoras's claims against Amazon's customers. Finally, Corydoras's claims against Best Buy are in the early stages, as discovery has only recently opened.

8

confirms that district courts should be encouraged "to stay actions against end-users until the manufacturer suit has been resolved." *Id*. Thus, the Federal Circuit, Congress, and the agency tasked with protecting the public against anti-competitive and coercive business practices all speak with one voice. This Court must stay Corydoras's claims against Best Buy pending resolution of the declaratory judgment action in Western District of Texas filed by Amazon, the real party in interest.

## II. ALLOWING THE CASE TO PROCEED AS CURRENTLY CONSTITUTED WOULD UNDERMINE THE RULES OF JOINDER UNDER 35 U.S.C. § 299 OF THE LEAHY-SMITH AMERICA INVENTS ACT.

Corydoras alleged infringement by the products of a host of additional manufacturers other than Amazon: Microsoft, Dell, Alienware, HP, Acer, Google, Nokia and BLU. (Dkt. 1 at ¶ 18.) However, Corydoras alleged no connection between Amazon's technology and these other manufacturers. Each manufacturer's products are simply alleged to have infringed the same patents. (Dkt. 1 at ¶¶ 25, 45, 65, 85, 105.) Claims against unrelated products cannot be joined in the same infringement suit. *WiAV Networks, LLC v. 3Com Corp.*, No. C 10–3488 WHA, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) (severing claims brought against twelve defendants who all manufactured laptops that allegedly infringed the same patent, finding "joinder is often improper where [multiple] competing businesses have allegedly infringed the same patent by selling different products") (citation omitted); *Interval Licensing LLC v. AOL, Inc.*, No. C10–1385 MJP, 2011 WL 1655713, at *1–2 (W.D. Wash. Apr. 29, 2011) (finding joinder improper where each defendant was accused of infringing the relevant patents in a similar way but operated differently and offered products that often competed with those of other defendants); *Tierravision, Inc. v. Research in Motion Ltd., et al.*, No. 11-cv-0639 DMS (BGS), 2011 WL 4862961, at *1 (S.D. Cal. Sept. 16, 2011) (same).

Corydoras's suit against Best Buy appears to be an attempt to end-run around the joinder

9

provision of the America Invents Act ("AIA").  *See* 35 U.S.C. § 299.  The AIA limits the joinder of multiple defendants in patent cases such that an accused infringer cannot be joined in one action based solely on allegation that they each have infringed the patent or patents in suit.  *See id.*; *see also Golden Bridge Tech., Inc. v. Apple Inc.*, No. 2:12-cv-4014-ODW(FFMx), 2012 WL 3999854, at *1-3 (C.D. Cal. Sept. 11, 2012) (finding misjoinder under § 299 even when different smartphone manufacturers allegedly used the same 3G process and incorporated the same processors).

Indeed, Congress enacted § 299 to end the "abusive practice of treating as codefendants [in patent infringement actions] parties who make completely different products and have no relations to each other."  157 Cong. Rec. H.4226 (daily ed. June 22, 2011) (statement of Rep. Robert W. Goodlatte (R-Va.)).  Allowing Corydoras to maintain claims on unrelated products in the same action simply because it (improperly) sued a customer instead of the manufacturers would defeat Congress's express preference in the AIA that patentees should file such claims as separate actions.

## CONCLUSION

For the foregoing reasons, and in the interest of conserving both judicial and party resources, as well as ensuring consistent determination of key issues bearing on the accused Amazon technology, Best Buy respectfully requests that the Court grant this motion to stay.

Janurary 14, 2020						Respectfully submitted,


							/s/ *Todd R. Gregorian*
							J. David Hadden, CSB No. 176148
							Email: dhadden@fenwick.com
							Saina S. Shamilov, CSB No. 215636
							Email: sshamilov@fenwick.com
							FENWICK & WEST LLP
							801 California Street
							Mountain View, CA  94041
							Telephone:	650.988.8500
							Facsimile:	650.938.5200

							Todd R. Gregorian, CSB No. 236096
							Email: tgregorian@fenwick.com
							Min Wu, CSB No. 307512
							Email: min.wu@fenwick.com
							FENWICK & WEST LLP
							555 California Street
							San Francisco, CA 94104
							Telephone:	415.875.2300
							Facsimile:	415.281.1350

							*Counsel for* BEST BUY CO., INC., and BEST BUY STORES, L.P.

11

## CERTIFICATE OF SERVICE

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

<em>/s/ Todd R. Gregorian</em>

## CERTIFICATE OF CONFERENCE

On the 13th day of January 2020, the undersigned counsel conferred telephonically with Ted Polasek and Elizabeth DeRieux, counsel for Corydoras Technologies, LLC, concerning the relief sought in this Motion pursuant to Local Rule CV-7(h), and was advised that Corydoras Technologies, LLC opposed this Motion. The parties disagree over whether Corydoras Technologies, LLC's claims against Amazon products should proceed in this Court.

*/s/ Min Wu*
Min Wu
