IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORYDORAS TECHNOLOGIES, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| vs. | § | Case No. 2:19-CV-0304-JRG-RSP |
| | § | |
| | § | |
| BEST BUY CO., INC., and | § | **JURY TRIAL DEMANDED** |
| BEST BUY STORES, L.P. | § | |
| | § | |
| *Defendants*. | § | |

## CORYDORAS' OPPOSITION TO DEFENDANTS' MOTION TO STAY CLAIMS PENDING RESOLUTION OF DECLARATORY JUDGMENT ACTION IN THE WESTERN DISTRICT OF TEXAS (DOC. 42)

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 3

III. ARGUMENT ........................................................................................................................ 6

    A. The Guiding Principles Of Efficiency And Judicial Economy In The Customer Suit Exception Are Not Met By A Stay ....................................................6

    B. 35 U.S.C. Section 299 Does Not Apply Because Corydoras Did Not Join Unrelated Defendants ........................................................................................11

IV. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Cherdak v. Stride Rite Corp.*,
  396 F.Supp.2d 602 (D.Md. 2005) .................................................................................. 8

*Cisco Systems, Inc. v. Tivo, Inc.*,
  2012 WL 3279532 (N.D. Cal. Aug 10, 2012) ............................................................... 6

*Contentguard Holdings, Inc. v. Google, Inc.*,
  2014 WL 1477670 (E.D. Tex. April 15, 2014).................................................... 6, 8, 11

*Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*,
  2016 WL 1659924 (E.D. Tex. April 26, 2016)......................................................... 6, 8

*Golden Bridge Tech, Inc. v. Apple Inc.*,
  2012 WL 3999854 (C.D. Cal. Sept. 11, 2012) ............................................................ 12

*In Re Dell*,
  600 F. App'x 728 (Fed. Cir. 2015) ............................................................................... 9

*In Re Google*,
  588 F.App'x 988 (Fed. Cir. 2014) .......................................................................... 9, 10

*In Re Nintendo*,
  756 F.3d 1363 (Fed. Cir. 2014)........................................................................... 3, 9, 10

*Interval Licensing LLC v. AOL, Inc.*,
  2011 WL 1655713 (W.D. Wash. April 29, 2011) ...................................................... 11

*Kahn v. General Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989).................................................................................... 6

*Katz v. Lear Siegler, Inc.*,
  909 F.2d 1459 (Fed. Cir. 1990).......................................................................... 4, 6, 7, 9

*Tegic Communications Corp. v. Board of Regents of the Univ. of Texas Sys.*,
  458 F.3d 1335 (Fed. Cir. 2006).......................................................................... 1, 6, 7, 8

*Tierravision, Inc. v. Research in Motion Ltd*,
  2011 WL 486961 (S.D. Cal. Sept. 16, 2011).............................................................. 11

*WiAV Networks, LLC v. 3Com Corp*,
  2010 WL 3895047 (N.D. Cal. Oct 1, 2010)................................................................ 11

I.      **INTRODUCTION**

Best Buy's request for a stay should be denied. Under the facts of this case, the relief sought by Best Buy is contrary to the guiding principles of efficiency and judicial economy underlying the customer suit exception upon which Best Buy's Motion is based. See *Tegic Communications Corp. v. Board of Regents of the Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). Best Buy is not merely a retailer, and staying one portion of this case will not dispose of this case and is not efficient or economical for the judicial system or the parties.[1]

Corydoras filed this case against Best Buy for its sale, offer for sale and use of cellular phones, laptops and tablets, and its inducement of its customers to use and carry out methods that infringe the asserted patents. Additionally, Corydoras alleges that Best Buy sells services to its customers that promote customers' infringement. Best Buy's accused devices are supplied to it by a number of manufacturers - Microsoft, Dell, Alienware, HP, Acer, Google, Nokia, BLU and Amazon. More than two months after this litigation was filed, Amazon, in an attempt to effectively change the forum of a portion of this suit, filed a declaratory judgment action of non-infringement in the Western District of Texas ("the W.D. Tex Action") related to just the accused Amazon tablets. It did not seek a declaration of invalidity. Corydoras has filed a motion to dismiss that case under FRCP 12(b)(1) and (3) asserting that the customer suit does not apply, that venue is

---

[1] Best Buy's motion is procedurally unclear as to whether it seeks to stay the entire case or stay just a portion with the remainder of the case moving forward. (Best Buy is not seeking a severance). However, its proposed order (Doc. 42-1) indicates that it only seeks to stay this case as to Amazon products. There is substantial prejudice to Corydoras under both scenarios. If the entire case is stayed, it has effectively allowed Best Buy (and Amazon) to prevent this case from moving forward against Best Buy for products that are not the subject of Amazon's later filed declaratory judgment action. If only a portion of the case is stayed, it increases the Court's and all parties' resources by having duplicative litigation involving the same patents proceed in this Court and in Amazon's later filed declaratory judgment action. It is illogical for Best Buy to claim that a stay related to Amazon products promotes judicial efficiency, where, as in this case, this case will move forward and be decided before the W.D. Tex Action. Either way, it allows Best Buy (and Amazon) to forum shop.

improper under 28 U.S.C. Section 1406, or seeking in the alternative to transfer to the Eastern District of Texas. (Ex. A). Since there is no schedule in place in the W.D. Tex Action, it is likely that the case before this Court will proceed to a claim construction hearing and trial first.

The suit before this Court is the first filed action. Courts that have analyzed fact patterns similar to the present case routinely find the customer suit exception inapplicable. Several facts that individually and collectively distinguish this case from the cases relied upon by Best Buy include:

- Best Buy's accused products originate from several sources; Amazon is not the sole source of the accused devices in this case.

- The W.D. Tex Action cannot resolve all of Best Buy's liability because that suit cannot resolve the infringement issues related to Best Buy's use, sale and offering to sell devices manufactured by Microsoft, Dell, Alienware, HP, Acer, Google, Nokia and BLU ("non-Amazon products").

- All of Best Buy's potential liability related to the Amazon devices cannot be resolved in the W.D. Tex Action. Best Buy is not merely a reseller, but has instead engaged in activities that create substantial differences in the potential liabilities of Best Buy and Amazon. More specifically, the W.D. Tex Action will not resolve issues related to the activities committed by Best Buy that induce its customers to perform methods that infringe the asserted claims.

- Amazon's Alexa technology is embedded in certain Dell devices accused of infringement in this case. The W.D. Tex Action will not dispose of Best Buy's infringement related to these devices.

- Best Buy has denied the existence of an indemnity agreement between it and Amazon.

- Best Buy has not submitted evidence that it agrees to be bound by the decisions in the W.D. Tex Action if that case were to proceed.

Best Buy's Motion closely parallels a Motion to Enjoin filed by Amazon in the W.D. Tex Action on January 14, 2020. (Ex. B). In fact, Amazon's counsel in the W.D. Tex Action also represents Best Buy in this litigation. (See, e.g., Ex. B and Doc. 42, p. 11). The essence of Best Buy's argument is its contention that two lawsuits involving the same patents are more efficient and use less judicial resources than one suit. Common sense suggests otherwise. Best Buy's goal for two courts to resolve matters involving the same patents frustrates the purpose of the customer suit exception articulated in *In Re Nintendo*, 756 F.3d 1363 (Fed. Cir. 2014) "to facilitate, just, convenient, efficient and less expensive determination." *Id.* at 1365. The relief sought by Best Buy will only needlessly increase the cost of litigation, the use of judicial resources, and the risk of inconsistent rulings because even if Best Buy's motion to stay was granted as to Amazon's devices, this case will proceed against Best Buy for Best Buy's infringement of the non-Amazon products sold by Best Buy (some of which include Amazon software). Best Buy's Motion should be denied.

Further, Best Buy's Motion assumes venue is proper over Corydoras in the Western District of Texas. As set forth in Corydoras' motion to dismiss the W.D. Tex Action (Ex. A), Corydoras does not have sufficient minimum contacts with the Western District of Texas to make venue proper there under 28 U.S.C. Section 1391. Corydoras's motion to dismiss the W.D. Tex Action is pending in that court.

II.   **STATEMENT OF FACTS**

Corydoras filed this suit against Best Buy Co., Inc. and Best Buy Stores, L.P. (collectively "Best Buy") on September 4, 2019, asserting that Best Buy infringed five U.S. patents. (Doc. 1). Corydoras asserted that Best Buy infringed the asserted patents by selling, offering to sell and

using devices made by Microsoft, Dell, Alienware, HP, Acer, Amazon, Google, Nokia and BLU. Corydoras also asserted that Best Buy induced the infringement of Best Buy's customers that use the accused devices. (Doc. 1, para 18).

Four of the asserted patents include apparatus and method claims. The method claims asserted by Corydoras against Best Buy omit certain limitations that are present in the apparatus claims. As one example, method claim 3 of U.S. Patent 7,945,256 patent does <u>not</u> include the limitation directed to the "multiple function implementor" that is present in apparatus claim 1 of the patent. (Compare Ex. C, col 32, lines 64-65 and col 33, lines 36-53). Asserted U.S. Patents 7,996,037 and 8,024,009 also share this distinction between the method and apparatus claims. (Exs. D and E). The significance of the differences between the claim language in the apparatus and method claims is that, for example, the method claims could be held to be infringed when the method is performed by a user induced by Best Buy, without regard to a finding concerning the apparatus claim.[2]

In the Complaint, Corydoras alleged that Best Buy induced infringement by encouraging customers' infringement via Best Buy's own website literature and services that Best Buy provides to its customers. (See for example, Doc. 1, para 19, 35, 37, 55 and 57). As one example, Best Buy offers "Smart Lighting Setup" services to "help users download the remote control app, register[]

---

[2] On page 2 of its Motion, Best Buy asserts that Amazon declaratory judgment action "will resolve all infringement issues in this case that concern Amazon's Fire tablets or other technology." That is not true. For example, a court could find that the apparatus claim is not directly infringed by Amazon and that Amazon does not perform the steps of the claimed method. However, a court may also find that customers of Best Buy perform the claimed method and are being induced by Best Buy. Under that scenario, if Corydoras is prevented from seeking redress against Best Buy for the accused Amazon devices, Corydoras would be deprived of it right to a recovery because it was not allowed to proceed against Best Buy for those devices. Disposition of the W.D. Tex Action will not dispose of all of the issues in this case. See *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990).

the smart lighting setup, enable[] personalized settings, and/or make[] sure the device is working properly (including the remote control)." (Doc. 1, para 19). In other words, Best Buy is not "only a retailer;" it actively promotes and encourages its customers to engage in activities that meet limitations of the asserted claims.[3]

Best Buy has disclosed that no indemnity agreement exists between it and any of the manufacturers: "Based on information currently available, Defendants are unaware of any relevant indemnity or insuring agreements." (Ex F, p. 8). Furthermore, Best Buy has not disclosed an agreement to be bound by rulings made by the court in the W.D. Tex Action.

Best Buy contends that Amazon's technology has no connection with the other manufacturers. (Motion, p. 2). That is not true. In this case, Corydoras alleges that Best Buy's sale, offer for sale, use and its inducement of customer's use of certain Dell laptops infringes the asserted patents, including the '256 patent. Some of the Dell laptops sold by Best Buy, such as the Dell Inspiron 13 7000 (Model 7386), include Amazon's Alexa software as illustrated by the "alexa built-in" label on the device. (Ex. G). Corydoras contends that the Amazon Alexa software on those Dell devices provide the capability to remotely control another device.

Amazon filed the W.D. Tex Action seeking a declaration of non-infringement on Nov 11, 2019. Amazon did not seek a declaration of invalidity. On January 2, 2020, Corydoras moved to dismiss that case pursuant to FRCP 12 (b)(1) and for improper venue under 12(b)(3), or in the alternative to transfer to the Eastern District of Texas in view of this earlier filed suit pending before this Court.

---

[3]  On page 2 of its Motion, Best Buy characterizes Corydoras's infringement allegations of "the Asserted Patents by using, selling, and/or offering for sale, Amazon tablets."  Best Buy is fully aware that Corydoras also contends Best Buy is inducing infringement.  In fact, Best Buy and Corydoras have engaged in extensive briefing on that allegation in Docs. 17, 18, 26 and 33 previously filed with this Court.

### III. ARGUMENT

#### A. The Guiding Principles Of Efficiency And Judicial Economy In The Customer Suit Exception Are Not Met By A Stay

This case is the first filed suit, and the general rule is that "'as a principle of sound judicial administration, the first suit should have priority,' absent special circumstances." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). Corydoras is a company managed by the inventor of the patents-in-suit. Pursuant to 35 U.S.C. Section 271, Corydoras is permitted to assert its patent rights against another party that is selling, offering to sell or using its claimed technology, or that is inducing infringement. Pursuant to those statutory rights, Corydoras filed this lawsuit against Best Buy.

The first-to-file rule should not be disregarded lightly. *Cisco Systems, Inc. v. TiVo, Inc.*, 2012 WL 3279532, *1 (N.D. Cal. Aug 10, 2012). "The 'first-to-file' rule 'is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions.'" *Contentguard Holdings, Inc. v. Google, Inc.*, 2014 WL 1477670, *2 (E.D. Tex. April 15, 2014). Corydoras and Best Buy seem to generally agree on this aspect of the case law.

Corydoras and Best Buy (and Amazon) disagree on the applicability of the customer suit exception. The customer suit exception is an exception that is sometimes applied to the general rule that favors the forum of the first-filed action. *Tegic,* 458 F.3d at 1343. Also see *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co.*, 2016 WL 1659924, *2 (E.D. Tex. April 26, 2016) (Judge Bryson, citing to the *Katz* decision relied on by Best Buy, has recognized that "courts <u>sometimes</u> approve proceeding with the case against the manufacturer and staying the first-filed action against the customer") (underlining added). "[A] primary question is whether the

issues and parties are such that the disposition of one case would be dispositive of the other." *Katz*, 909 F.2d at 1463.

Best Buy cites cases for broad propositions of law related to the customer suit exception without regard to the applicability of those broad propositions under specific fact patterns. Under the facts of this case, courts have consistently held that the customer suit exception does not apply. Some of the important facts in this case are that Corydoras filed only one case against Best Buy; Best Buy's liability is based on devices from several different sources; Best Buy is accused of its own acts of inducement; Amazon's technology is interwoven into some non-Amazon devices; Best Buy has denied the existence of indemnity between Best Buy and Amazon; and, Best Buy is not contending that it will be bound by any decisions in the W.D. Tex Action if it were to proceed. Further, many of the cases cited by Best Buy note the absence of these facts in deciding that the customer suit exception is applicable under the facts of those cases.

The Federal Circuit's *Tegic* decision is particularly instructive. In that case, the patent owner (the University) filed suit in this District charging 48 cellular telephone companies with infringement of certain software used in cell phones. Tegic then filed a declaratory judgment action of noninfringement and invalidity against the University asserting that the University's lawsuit was actually directed against Tegic as the manufacturer of the software. On appeal, the Federal Circuit addressed an immunity issue and the customer suit exception in its ruling. The Federal Circuit's analysis of the customer suit exception started with the recognition that "the guiding principles in the customer suit exception are efficiency and judicial economy." *Tegic,* at 1343. In its reasoning, the Court summarized the University's points that the cellular phone companies were not mere resellers, had not agreed to be bound to any decision in favor of Tegic and that Tegic was not the only source of the software used in the phones alleged to infringe. *Id*. The Federal Circuit then stated "[w]e agree that it would not be demonstrably more efficient to

stay the Texas suits in favor of Tegic's manufacturer suit in Washington, even if immunity were deemed waived." *Id*. Just as in *Tegic*, this suit involves devices manufactured by other companies.

In *Cherdak v. Stride Rite Corp.*, 396 F.Supp.2d 602 (D. Md. 2005), the court declined to apply the customer suit exception. In that case, the customer (Stride Rite) filed a motion to stay the lawsuit brought by the patent owner in view of another case brought against BBC. The court denied Stride Rite's motion for several reasons, but "[m]ost importantly, the determination of BBC's liability will not entirely determine Stride Rite's liability; not all of Stride Rite's accused products were purchased from BBC." *Id*. at 605.

The decision in *Contentguard Holdings* is yet another decision finding the customer suit exception inapplicable. In *Contentguard*, the patent owner filed one action against several device companies. Google was one supplier of the technology asserted to infringe in that case. Google thereafter filed a declaratory judgment action against the patent owner. Google then sought to stay the action brought by the patent owner, invoking the customer suit exception. The court denied the request for a stay. "[R]esolution of Google's declaratory judgment action would not be dispositive of the Amazon action. First, Google is not the only supplier of allegedly infringing technology in the Amazon case." *Contentguard*, at *3. The court concluded that the declaratory judgment action would not resolve all charges against the customers in the Amazon action and permitting the declaratory judgment action to take precedence over the Amazon case would not support the best interests of efficiency or judicial economy. *Id*.

The decision in *Erfindergemeinschaft*, is another example of a court declining to stay the case under the customer suit exception. In that case, just as in the case before this Court, the infringement issues were not entirely common between the customer and manufacturer. As explained above, the W.D. Tex Action cannot resolve the issue of Best Buy's inducement of infringement by Best Buy's customers and will not resolve the infringement issue related to the

Dell devices that have Amazon Alexa built-in.

Best Buy's argument that the W.D. Tex Action "must" be resolved before this case may proceed is an overstatement of the law. As the cases cited by Corydoras above show, there are many instances in which courts do not apply the customer suit exception. Neither *In Re Dell*, 600 F. App'x 728 (Fed. Cir. 2015), *Katz*, *In Re Nintendo*, 756 F3d 1363 (Fed. Cir. 2014) nor *In Re Google*, 588 F.App'x 988 (Fed. Cir. 2014) cited by Best Buy support application of this exception under the facts of this case. On page 3 of its Motion, Best Buy cites *In re Dell* for a general proposition related to the customer suit exception. *In re Dell,* however, was quoting from the Federal Circuit's prior decision in *Katz*. The surrounding language in Katz creates a factual distinction that underlies many of the decisions that do not apply the customer suit exception. The surrounding language in *Katz* is: "Mr. Katz states that these defendants are not simply customers of Smith & Wesson, but dealers in infringing goods of several manufacturers. However, <u>this point was not substantiated</u>, and <u>on the record before us</u> this case <u>fits</u> the 'customer suit' exception, whereby litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Id*. at 1464 (underlining added).

Best Buy also relies on *In re Nintendo of America, Inc*. However, the facts of that case stand in stark contrast to the fact pattern presented to this Court. In *In re Nintendo*, the patent owner filed suit against Nintendo and eleven retailers. In contrast, Corydoras filed this suit only against Best Buy. In *In re Nintendo*, the products accused of infringement only came from Nintendo, and no other manufacturer. The issues of infringement were common to Nintendo and its retailers in that case– which under those particular facts meant that the patent owner had no claim against the retailers unless it prevailed on its infringement claims against *Nintendo*. *Id*. at 1366. Thus, the Federal Circuit applied the customer suit exception under those facts. *In Re*

*Nintendo* is not controlling because a determination in the W.D. Tex Action will not resolve the inducement allegations asserted against Best Buy in this case, nor will it resolve the claims made against the non-Amazon devices. *In Re Nintendo*, 756 F.3d at 1365. In other words, Best Buy's liability is not predicated on Amazon's liability.

The facts of *In re Google* are likewise substantially different. In that case, the patent owner filed <u>five</u> separate actions against cell phone manufacturers that were customers of Google. Google filed a declaratory judgment action in response to those lawsuits. The Federal Circuit stated "[g]iven these facts, it is clear that there was no need to proceed with the five Texas actions because the one California action may suffice. Such circumstances present a classic case for a stay." *Id*. at 990. In reaching its decision, the Federal Circuit recognized that under the doctrine of comity, there is a strong preference to avoid duplicative litigation. *Id*. That case is also significantly different because the cellular companies' only source of the accused technology was Google. Here, Corydoras filed one suit against Best Buy; and Amazon is not the sole source of the infringing products. Best Buy and Amazon are advocating for more litigation rather than more efficiency. This is completely counter to the strong preference to avoid duplicative litigation emphasized in *In re Google*. In fact, Best Buy and Amazon are advocating for a second case to proceed (the W.D. Tex Action) that will likely be on a schedule with corresponding events occurring <u>after</u> this case. That fact illustrates the inefficiency of the requested stay.

Best Buy's Motion includes a string cite of cases on pages 6-8 that purportedly support Best Buy's position. However, those cases do not move the needle in favor of Best Buy under the facts of this case. Those cases merely highlight the significant differences between this case and those decisions, such as the accused devices being from a sole supplier in those cases, and Best Buy's potential liability for inducement that is distinct from Amazon's potential liability in this case.

The guiding principles of efficiency and judicial economy are not met by a stay of this case as to Amazon products and then having two courts preside over two cases involving the same patents. Further, since the W.D. Tex Action cannot dispose of all of Best Buy's liability and Amazon's technology is also in non-Amazon devices (such as Amazon's Alexa technology embedded in certain Dell devices) in this case, the disposition of the W.D. Tex Action would not be dispositive of this case. *See Contentguard* at *3. Another reason that a stay will not promote judicial economy or conserve resources is that this case has a claim construction hearing in six months and trial less than a year from now. The W.D. Tex Action does not have a schedule in place yet. It is illogical to argue that a stay of this suit will promote judicial economy or conserve party resources in favor of the W.D. Tex Action in view of the fact that this Court will likely have its claim construction hearing and trial before those events occur in the W.D. Tex Action.

### B. 35 U.S.C. Section 299 Does Not Apply Because Corydoras Did Not Join Unrelated Defendants

Best Buy is not asserting that the two named Best Buy defendants are improperly joined. Therefore, on its face, 35 U.S.C. Section 299 does not apply. None of the cases cited by Best Buy support application of Section 299 to this suit. In *WiAV Networks, LLC v. 3Com Corp*, 2010 WL 3895047 (N.D. Cal. Oct 1, 2010), the plaintiff sued 68 unrelated defendants with unrelated products. The Court did not sever the cases (as Best Buy's motion suggests), but rather the Court dismissed all but one defendant. In *Interval Licensing LLC v. AOL, Inc.*, 2011 WL 1655713 (W.D. Wash. April 29, 2011), the plaintiff sued eleven defendants for different products. The Court severed the case into eleven separate actions but consolidated the actions for pretrial purposes. In *Tierravision, Inc. v. Research in Motion Ltd*, 2011 WL 4862961 (S.D. Cal. Sept. 16, 2011), the plaintiff filed suit against three defendants for different products. The Court severed each and then consolidated the actions. *Golden Bridge Tech, Inc. v. Apple Inc.*, 2012 WL 3999854 (C.D. Cal.

Sept. 11, 2012) was also a multi-defendant case involving unrelated defendants with different products.

Section 299 places certain requirements on actions involving unrelated defendants. The case before this Court does not involved multiple unrelated defendants. Best Buy has performed acts that Corydoras alleges directly infringes the asserted patents and indirectly infringes the asserted patents by inducement pursuant to 35 U.S.C. Section 271. Best Buy has committed its own acts of infringement, including encouraging its customers to undertake infringing activities. Section 271 expressly grants a patent owner such as Corydoras the right to seek redress against an infringer engaging in the types of activities performed by Best Buy. And Section 299 implicitly, if not expressly, allows for Corydoras to assert the causes of action against Best Buy. Best Buy's argument regarding Section 299 is misplaced and should be rejected.

## IV.   CONCLUSION

Application of the "customer suit exception" under the facts presented in this case will lead to a result that is opposite of the exception's primary purpose directed at efficiency and judicial economy. Best Buy's Motion should be denied.

Respectfully submitted,

Dated: January 28, 2020        By:    /s/ *John T. Polasek*
John T. Polasek
Texas Bar. No. 16088590
ted@epiplawyers.com
Elliott & Polasek, PLLC
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile: (832) 778-6010

Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue

          Gladewater, Texas 75647
          Telephone: (903) 845-5770

*Attorneys for Plaintiff,*
*Corydoras Technologies, LLC*