# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CORYDORAS TECHNOLOGIES, LLC, § § | |
| Plaintiff, § § | |
| v. § § | The Honorable Rodney Gilstrap |
| BEST BUY CO., INC., and BEST BUY STORES, § L.P., § § | Civil Action No. 2:19-cv-00304-JRG-RSP |
| Defendants. § § | |

**REPLY IN SUPPORT OF MOTION TO STAY CLAIMS PENDING RESOLUTION OF DECLARATORY JUDGMENT ACTION IN THE WESTERN DISTRICT OF TEXAS**

# TABLE OF CONTENTS

**Page**

I. THE FACT THAT CORYDORAS ALLEGES INFRINGEMENT BASED ON OTHER NON-AMAZON PRODUCTS DOES NOT WEIGH AGAINST A STAY ..................................................................................................................................1

II. THE FACT THAT CORYDORAS ASSERTS METHOD CLAIMS AND ALLEGES INDUCEMENT DOES NOT MATTER. .........................................................4

III. CORYDORAS'S OTHER REASONS FOR NOT APPLYING THE CUSTOMER SUIT DOCTRINE SIMILARLY FAIL. ..............................................................................5

## TABLE OF AUTHORITIES

**CASES**                                                           **PAGE(S)**

*Amazon.com, Inc. v. Corydoras Techs., Inc.*,
    Case No. 1:19-cv-01095 (W.D. Tex.), Dkt. 1 ................................................................1, 3, 5, 6

*Belfer Cosmetics, LLC v. Nordstrom, Inc.*,
    2016 WL 8792318 (S.D. Tex. Feb. 26, 2016) ...........................................................................3

*Card Activation Techs. v. Pier 1 Imports, Inc.*,
    2009 WL 2956926 (N.D. Ill. Sept. 14, 2009) ...........................................................................4

*Cherdak v. Stride Rite Corp.*,
    396 F. Supp. 2d 602 (D. Md. 2005) ......................................................................................2, 3

*Contentguard Holdings, Inc. v. Google, Inc.*,
    2014 WL 1477670 (E.D. Tex. Apr. 15, 2014) ......................................................................2, 3

*CyWee Grp. Ltd. v. Huawei Device Co.*,
    2018 WL 4002776 (E.D. Tex. Aug. 22, 2018) .........................................................................2

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
    2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) .........................................................................5

*GeoTag, Inc. v. Fred's, Inc.*,
    2013 WL 2181166 (W.D. Tenn. May 20, 2013) ......................................................................1

*Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*,
    2017 WL 365398 (E.D. Tex. Jan. 24, 2017) ............................................................................5

*Golden Bridge Tech., Inc. v. Apple Inc.*,
    2012 WL 3999854 (C.D. Cal. Sept. 11, 2012) ........................................................................3

*In re Google Inc.*,
    588 F. App'x 988 (Fed. Cir. 2014) ...............................................................................1, 2, 3, 4

*In re Nintendo of Am., Inc.*,
    756 F.3d 1363 (Fed. Cir. 2014) .............................................................................................2, 3

*Interval Licensing LLC v. AOL, Inc.*,
    2011 WL 1655713 (W.D. Wash. April 29, 2011) ....................................................................3

*Katz v. Lear Siegler, Inc.*,
    909 F.2d 1459 (Fed. Cir. 1990) .............................................................................................2, 3

*Mantissa Corp. v. Old Second Bancorp, Inc.*,
    2018 WL 3059604 (N.D. Ill. June 20, 2018) ........................................................................4, 5

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
    2012 WL 2803695 (D. Del. July 10, 2012) ..............................................................................1

*QFO Labs, Inc. v. Best Buy Stores, L.P.*,
  2018 WL 3966313 (D. Minn. Aug. 17, 2018) ............................................................................1

*Rockstar Consortium US LP v. ASUStek Computer, Inc.*,
  No. 2:13-CV-00894-JRG, Dkt. 22 (E.D. Tex. Feb. 28, 2014)...................................................4

*Select Retrieval, LLC v. ABT Elecs.*,
  2013 WL 6576861 (N.D. Ill. Dec. 13, 2013) ........................................................................1, 3

*Select Retrieval v. L.L Bean*,
  2013 WL 1099754 (D. Me. Mar. 15, 2013).........................................................................4, 5

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
  657 F.3d 1349 (Fed. Cir. 2011)................................................................................................1

*Tegic Communications Corp. v. Board of Regents of the University of Texas
  System*,
  458 F.3d 1335 (Fed. Cir. 2006)................................................................................................2

*Tierravision, Inc. v. Research in Motion Ltd.*,
  2011 WL 4862961 (S.D. Cal. Sept. 16, 2011) .........................................................................3

*UltimatePointer, L.L.C. v. Nintendo Co.*,
  2014 WL 12515338 (E.D. Tex. June 17, 2014).......................................................................4

*Ultra Prods., Inc. v. Best Buy Co., Inc.*,
  2009 WL 2843888 (D.N.J. Sept. 1, 2009) ...............................................................................4

*WiAV Networks, LLC v. 3Com Corp*,
  2010 WL 3895047 (N.D. Cal. Oct 1, 2010).............................................................................3

Corydoras's opposition rests on the faulty premise that a manufacturer's declaratory judgment action must resolve *all* claims in the customer suit to warrant a stay.[1]  The Federal Circuit has rejected this anachronistic view: the customer suit doctrine applies so long as the declaratory judgment action will "advance the major premises" of the customer suit, or "has the potential" to resolve its "major issues."  *See In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011).  Corydoras cannot seriously dispute that Amazon's declaratory judgment action will either totally resolve or significantly narrow the claims against Amazon technology here.  Federal Circuit law requires nothing more.  The Court should therefore stay the claims against Amazon technology in this case pending resolution of the declaratory judgment action.

**I.    THE FACT THAT CORYDORAS ALLEGES INFRINGEMENT BASED ON OTHER NON-AMAZON PRODUCTS DOES NOT WEIGH AGAINST A STAY.**

Corydoras argues a stay would be judicially inefficient because here it also accuses Best Buy of infringement based on non-Amazon products.  (Opp. at 7-8.)  Corydoras is wrong.  Amazon's DJ Action will go forward whether or not this case is stayed, and it will resolve Corydoras's claims against Amazon technology.  (*See Amazon.com, Inc. v. Corydoras Techs., Inc.*, Case No. 1:19-cv-01095 (W.D. Tex.) ("DJ Action"), Dkt. 1.)  By opposing a stay, Corydoras requests this Court resolve the same claims in parallel, the judicially inefficient result the Federal Circuit has repeatedly directed district courts to avoid.[2]  *Google*, 588 F. App'x at 991.  That this Court will have to resolve claims against other unrelated technology is irrelevant.  District courts routinely stay customer suits involving technology from more than one supplier.[3]

---

[1] Best Buy requests a stay only of Corydoras' claims against Amazon technology.  (Dkt. 42-2.)

[2] It also does not matter that the schedule in this case is ahead of the Western District of Texas. (Opp. at 2, 10.)  Judge Pitman will have to conduct claim construction and trial in the DJ Action whether the Amazon-related claims are stayed here or not.

[3] *QFO Labs, Inc. v. Best Buy Stores, L.P.*, 2018 WL 3966313, at *3, *5 (D. Minn. Aug. 17, 2018); *Pragmatus Telecom, LLC v. Advanced Store Co.*, 2012 WL 2803695, at *4 (D. Del. July 10, 2012); *Select Retrieval, LLC v. ABT Elecs.*, 2013 WL 6576861, at *4 (N.D. Ill. Dec. 13, 2013); *GeoTag,*

1

Corydoras argues the Federal Circuit's decisions in *Katz*, *Nintendo*, and *Google* do not apply because the customer suits there involved a single supplier of the accused technology. (Opp. at 9-10.) But the Federal Circuit has rejected distinctions of this type in favor of a "flexible approach" that requires a stay where "substantial savings of litigation resources can be expected." *See Google*, 588 F. App'x at 991; *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (acknowledging "there may be additional issues" in the customer actions); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (requiring only that "the administration of justice . . . be materially advanced"). That is the case here. It also does not matter that *Nintendo* and *Google* involved *multiple* customer suits. (*See* Opp. at 9-10.) Absent a stay—or an injunction, which Amazon has also requested—nothing stops Corydoras from asserting the same claims against other Amazon customers. Denying a stay here would only embolden Corydoras to bring such duplicative claims.

*Tegic Communications Corp. v. Board of Regents of the University of Texas System*, 458 F.3d 1335 (Fed. Cir. 2006), on which Corydoras relies, does not hold otherwise. There, the Federal Circuit held the University of Texas's suit against a Tegic customer did not "override" or waive sovereign immunity, subjecting it to a separate suit from Tegic. *Id.* at 1343. While the panel noted its holding served the efficiency goals of the customer suit doctrine, its discussion is pure dicta. *See id.*; *see also CyWee Grp. Ltd. v. Huawei Device Co.*, 2018 WL 4002776, at *5 (E.D. Tex. Aug. 22, 2018) (staying customer suit under *Google* and noting *Tegic* factors not binding). Indeed, the court in *Tegic* emphasized the "guiding principles in the customer suit exception cases are efficiency and judicial economy"—and those principles compel a stay here, where, unlike *Tegic*, the manufacturer's declaratory judgment action is not subject to a sovereign immunity bar and will go forward. *See Tegic*, 458 F.3d at 1343. [4]

---

*Inc. v. Fred's, Inc.*, 2013 WL 2181166, at *5 (W.D. Tenn. May 20, 2013).

[4] Corydoras relies on two other cases, *Contentguard Holdings, Inc. v. Google, Inc.*, 2014 WL 1477670 (E.D. Tex. Apr. 15, 2014) and *Cherdak v. Stride Rite Corp.*, 396 F. Supp. 2d 602 (D. Md.

2

Corydoras's judicial economy argument also ignores another important rationale for the customer suit doctrine: the manufacturer is the "true defendant" in customer suits like this one and has a right to defend its own technology. *Katz*, 909 F.2d at 1464. Applying the customer suit doctrine in this case would therefore not only serve principles of comity, but it would also protect Amazon's interest as the technology supplier and the party most capable of defending the technology. *See Belfer Cosmetics, LLC v. Nordstrom, Inc.*, 2016 WL 8792318, at *3 (S.D. Tex. Feb. 26, 2016) (retailer's interest is small relative to technology developer); *ABT Elecs.*, 2013 WL 6576861, at *2 ("The customers . . . lack the same understanding of the underlying technology.").

The Court should stay Corydoras's claims against Amazon technology also because allowing them in this case would frustrate the AIA anti-joinder provision. (*See* Mot. at 9-10.) Corydoras argues the statute does not literally apply because it has not joined the multiple suppliers it accuses of infringement as parties. (Opp. at 11-12.) This argument elevates form over substance. Congress expressed a clear preference against joining unrelated suppliers like Amazon, Microsoft, and Dell based only on the fact that their products share a shelf at Best Buy. A stay of Corydoras's claims would further Congress's intent in enacting Section 299.[5]

---

2005), that predate *Google* and *Nintendo*. Neither applies here. In *ContentGuard*, Google admitted the infringement allegations in the customer case could vary by customer, and Google's DJ Action did not even seek a declaration of non-infringement of all the Google technology at issue in the customer suit. 2014 WL 1477670, at *3. In *Cherdak*, the court declined to stay a case against Stride Rite, a party it ruled was "not an ordinary, disinterested customer of finished products," in favor of a suit by Stride Rite's importer and agent, a party that was *not* the manufacturer of the accused product. 396 F. Supp. 2d at 603-05.

[5] Because the "true defendants" in this case are device manufacturers like Amazon, Dell, and Microsoft, there is virtually no difference between this case and *WiAV Networks, LLC v. 3Com Corp*, 2010 WL 3895047 (N.D. Cal. Oct 1, 2010), where the court precluded a plaintiff from suing multiple "Laptop Defendants" such as Acer, Asus, Dell and HP in a single suit. *See also Interval Licensing LLC v. AOL, Inc.*, 2011 WL 1655713 (W.D. Wash. April 29, 2011) (severing claims against AOL, Apple, eBay, etc.); *Tierravision, Inc. v. Research in Motion Ltd.*, 2011 WL 4862961 (S.D. Cal. Sept. 16, 2011) (severing claims against Google and Microsoft); *Golden Bridge Tech., Inc. v. Apple Inc.*, 2012 WL 3999854 (C.D. Cal. Sept. 11, 2012) (severing claims against smartphone manufacturers Motorola, Amazon, Dell, etc.).

3

## II. THE FACT THAT CORYDORAS ASSERTS METHOD CLAIMS AND ALLEGES INDUCEMENT DOES NOT MATTER.

Corydoras argues its assertion of method claims and inducement by Best Buy in this case renders the customer suit doctrine inapplicable. (*See* Opp. at 4-5, 8-9.) But Federal Circuit requires a stay of customer cases even in the absence of complete overlap in the claims at issue. *See, e.g.*, *Google*, 588 F. App'x at 990 (Google declaratory judgment action took precedence even where customer defendants could modify the accused Android platform). Thus, it does not matter that Corydoras asserts method claims or inducement claims that the declaratory judgment action may in some circumstances not completely resolve. Indeed, in *Google*, the Federal Circuit stayed customer suits involving method claims.[6] *See, e.g.*, *Rockstar Consortium US LP v. ASUStek Computer, Inc.*, No. 2:13-CV-00894-JRG, Dkt. 22 (E.D. Tex. Feb. 28, 2014) (underlying complaint showing the asserted method claims). District courts routinely do the same.[7] And courts reliably stay customer suits even when they involve inducement claims. *See, e.g.*, *Ultra Prods., Inc. v. Best Buy Co., Inc.*, 2009 WL 2843888, *5-6 (D.N.J. Sept. 1, 2009); *see also UltimatePointer, L.L.C. v. Nintendo Co.*, 2014 WL 12515338, at *4 (E.D. Tex. June 17, 2014) ("[I]t would be difficult to imagine a situation in which only the Retailers were found to have induced infringement."). The same is true here. Corydoras's inducement claim—that Best Buy "encourag[es] customers' infringement via . . . website literature and services"—requires a determination that Amazon

---

[6] Corydoras's argument that certain limitations like the "multiple function implementor" are not present in certain methods claims is irrelevant. (*See* Opp. at 4). With respect to claim 3 of the '256 patent (Dkt. 44-4 at 33:36-53), if the Amazon devices do not have the claimed "digital mirror," the limitation requiring a "digital mirror implementing step" could not be met, and there could be no predicate direct infringement.

[7] *Mantissa Corp. v. Old Second Bancorp, Inc.*, 2018 WL 3059604, at *5-9 (N.D. Ill. June 20, 2018) (staying customer-suit involving method claims); *Select Retrieval v. L.L Bean*, 2013 WL 1099754, at *4-5 (D. Me. Mar. 15, 2013) (same); *Card Activation Techs. v. Pier 1 Imports, Inc.*, 2009 WL 2956926, at *3-5 (N.D. Ill. Sept. 14, 2009) (same).

devices can be used in an infringing manner.[8]  (Opp. at 4.)  The DJ Action will resolve this issue.[9]

### III. CORYDORAS'S OTHER REASONS FOR NOT APPLYING THE CUSTOMER SUIT DOCTRINE SIMILARLY FAIL.

Corydoras's remaining arguments lack merit.  First, Corydoras argues the declaratory judgment action will not resolve all issues relating to Amazon technology because Corydoras purportedly accuses Amazon's Alexa technology embedded in certain Dell devices.  (Opp. at 5.)  It appears to argue that Alexa enables Dell devices to remotely control other devices as required by the '256 patent.  But Amazon's DJ action will resolve this issue, which requests that "[any] dispute about whether Amazon's technology infringes Corydoras's patents," including any dispute related to Alexa, be litigated in that case. (DJ Action, Dkt. 1, ¶ 3.)  Second, Corydoras argues the customer suit doctrine does not apply because Amazon has not agreed to indemnify Best Buy.  (Opp. at 7.)  But Amazon *has* agreed to indemnify Best Buy.  (Hampton Decl., ¶ 4.)  Best Buy had no need to provide this information to Corydoras in its initial disclosures because the Discovery Order requires only the disclosure of agreements with insurance carriers, which Amazon is not.  (*See* Dkt. 32, § 1(e).)  Third, Corydoras argues the Court should not stay claims in this case because Best Buy has not agreed to be bound by the result of the DJ action. (Opp. at 7.)  But such an agreement is unnecessary because Amazon has agreed to indemnify Best Buy against Corydoras's claims.  *L.L. Bean, Inc.*, 2013 WL 1099754, at *5 (agreement to indemnify its customers "obviates" need for customer's agreement "to be bound by" the manufacturer's suit); *Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, 2017 WL 365398, at *5, *8 (E.D. Tex. Jan. 24, 2017) (similar).[10]

---

[8] Corydoras' allegation of Best Buy's "Smart Lighting Setup" service concerns only one of the five asserted patents.  (*See* Dkt. 1, ¶ 19 (discussing the "remote control" claim element of U.S. Patent No. 7,945,256).)

[9] By contrast, in *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016), cited by Corydoras, the court declined to apply the customer suit doctrine because the customer was the alleged direct infringer administering a treatment and the manufacturer was only an alleged indirect infringer. *Id.* at *4-5.

[10] Contrary to Corydoras's assertion (Opp. at 4), venue is proper in the DJ Action under two different sections of the venue statute:  Corydoras resides in the district, and "a substantial part of the events or omissions giving rise to the claim" occurred in that district.  (*See* DJ Action, Dkt. 25

5

| | |
|---|---|
| Februrary 10, 2020 | Respectfully submitted, |

                                           */s/ Todd R. Gregorian*
                                           J. David Hadden, CSB No. 176148
                                           Email: dhadden@fenwick.com
                                           Saina S. Shamilov, CSB No. 215636
                                           Email: sshamilov@fenwick.com
                                           FENWICK & WEST LLP
                                           Silicon Valley Center
                                           801 California Street
                                           Mountain View, CA  94041
                                           Telephone:     650.988.8500
                                           Facsimile:      650.938.5200

                                           Todd R. Gregorian, CSB No. 236096
                                           Email: tgregorian@fenwick.com
                                           Min Wu, CSB No. 307512
                                           Email: min.wu@fenwick.com
                                           FENWICK & WEST LLP
                                           555 California Street
                                           San Francisco, CA 94104
                                           Telephone:     415.875.2300
                                           Facsimile:      415.281.1350

                                           *Counsel for* BEST BUY CO., INC., and
                                           BEST BUY STORES, L.P.

---

at 12-17.)  Corydoras has only challenged *one* of these bases, residence, and even then its argument relies on an inapplicable section of the venue statute.  *See id.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 10, 2020.

>*/s/ Todd R. Gregorian*
>TODD R. GREGORIAN