IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CORYDORAS TECHNOLOGIES, LLC | § § § | |
| *Plaintiff*, | § | |
| vs. | § § | Case No. 2:19-CV-0304-JRG-RSP |
| BEST BUY CO., INC., and<br>BEST BUY STORES, L.P. | § § § § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § § | |

## CORYDORAS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STAY CLAIMS PENDING RESOLUTION OF DECLARATORY JUDGMENT ACTION IN THE WESTERN DISTRICT OF TEXAS

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1

    A. Efficiency Is Enhanced By Denying The Requested Stay ......................................... 1

    B. Best Buy Is The "True Defendant," Not Amazon, Because Disposition Of The W.D. Tex Action Will Not Dispose Of The Major Issues In This Case .................... 2

    C. 35 U.S.C. Section 299 Does Not Support Best Buy .................................................. 4

    D. Amazon's Technology Is Included In Other Manufacturer Devices Sold By Best Buy ............................................................................................................................. 4

    E. The Asserted Method Claims Show That Infringement Issues Vary Between Best Buy and Amazon ........................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*American Academy of Science v. Novell, Inc.*,
   1992 WL 313101 (N.D. Cal. July 9, 1992) .................................................................. 3

*Cherdak v. Stride Rite Corp.*,
   396 F.Supp.2d 602 (D.Md. 2005) ............................................................................... 3

*Contentguard Holdings, Inc. v. Google, Inc.*,
   2014 WL 1477670 (E.D. Tex. April 15, 2014) ........................................................ 2, 3

*DSS Tech. Mgmt., Inc. v. Intel Corp.*,
   2015 WL 12806514 (E.D. Tex. Nov. 12, 2015) .......................................................... 3

*Fractus S.A. v. AT&T Mobility LLC,*
   2019 WL 3253639 (E.D. Tex. July 19, 2019) .................................................. 1, 2, 3, 4

*GeoTag, Inc. v. Fred's, Inc.*
   2013 WL 2181166 (W.D. Tenn. May 20, 2013) ......................................................... 4

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*,
   2012 WL 2803695 (D. Del. July 10, 2012) ................................................................. 4

*QFO Labs, Inc. v. Best Buy Stores, L.P.*,
   2018 WL 3966313 (D. Minn. Aug. 17, 2018) ............................................................. 4

*ReganLab USA LLC v. Estar Tech Ltd.*,
   2017 WL 3535008 (S.D. NY, Aug. 17, 2017) ............................................................. 5

*Select Retrieval, LLC v. ABT Electronics*,
   2013 WL 6576861 (N.D. Ill. Dec. 13, 2013) ............................................................... 4

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
   657 F.3d 1349 (Fed. Cir. 2011) ................................................................................... 2

*WiAV Networks, LLC v. 3Com Corp.*,
   2010 WL 3895047 (N.D. Cal. Oct 1, 2010) ................................................................ 4

I.   **INTRODUCTION**

Best Buy is the "true defendant" under the case law, and Amazon's DJ action in the W.D. Tex Action will not resolve the vast majority of the infringement issues against Best Buy. The Court can deny Best Buy's Motion to Stay on that basis.

Best Buy' position is based on the (incorrect) premise that the Court should only give consideration to Amazon devices in deciding Best Buy's Motion. The case law has consistently rejected that approach. Courts addressing similar fact patterns overwhelming support the conclusion that Best Buy is the true defendant. Best Buy is essentially asking the Court to reverse its decision in *Fractus S.A. v. AT&T Mobility LLC,* 2019 WL 3253639 (E.D. Tex. July 19, 2019), but the Court should decline to do so. The most efficient use of judicial resources is for this Court to deny Best Buy's motion. Two lawsuits in different venues involving the same patents cannot be more efficient and use less judicial resources than one suit.

II.   **ARGUMENT**

The customer suit exception is "a narrow exception to the first-to-file doctrine." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). The exception does not apply here.

### A.  Efficiency Is Enhanced By Denying The Requested Stay

Contrary to Best Buy's argument, Corydoras does not advocate that cases should simultaneously proceed in separate venues. That is the position of Best Buy – "Amazon's DJ Action will go forward whether or not this case is stayed…" (Reply p. 1). Recognizing the inherent inefficient use of resources in cases in different forums, Corydoras filed a Motion to Dismiss or alternatively transfer Amazon's DJ Action to this District. (See Ex A to Doc. 44). Attached is a copy of Corydoras' Reply in support of that Motion. (Ex H). The convenience and efficiency in having <u>one</u> court resolve all issues involving Best Buy is undeniable. That is the only efficient use

of judicial resources. This strongly weighs in favor of denying a stay. Such a result fits squarely within the principle that "[t]he 'first-to-file' rule 'is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions.'" *Contentguard Holdings, Inc. v. Google, Inc.*, 2014 WL 1477670, *2 (E.D. Tex. April 15, 2014). A stay would <u>not</u> result in "a substantial savings" of resources as Best Buy argues.

### B. Best Buy Is The "True Defendant," Not Amazon, Because Disposition Of The W.D. Tex Action Will <u>Not</u> Dispose Of The Major Issues In This Case

Best Buy's Reply centers around its (incorrect) premise that the inquiry is only directed at whether the W.D. Tex Action will resolve the claims related to Amazon. (Reply, p. 1). This is a subtle, but significant, misstatement of the relevant inquiry. The relevant inquiry is directed at the entirety of claims made against the customer, not simply a subset (such as Amazon's products). Best Buy also asserts that Amazon, one of several manufacturers, is the "true defendant." (Reply, p. 3). This too is not an accurate statement under the case law. Best Buy's infringement related to Amazon's Fire tablets is only <u>one of several</u> claims that Corydoras asserted <u>against Best Buy</u>.

In *Spread Spectrum,* the Federal Circuit, citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) stated "the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims <u>against the customer</u> – not every issue-in order to justify a stay of the customer suits." *Spread Spectrum*, 657 F.3d at 1358. That standard is not met here.

Best Buy's premise was considered and rejected in *Fractus*. The Court's decision in *Fractus* establishes that Best Buy is the "true defendant," as it recognized that when a customer is sued for infringement based upon accused products it purchased from multiple unrelated manufacturers (as is the case here), the customer is the "true defendant" - not the manufacturer. *Fractus*, at *4. The Court's conclusion in *Fractus* applies with equal force here: "However, 'major

issues before [the C]ourt, including patent infringement,' will remain in the cases with respect to products not sold by CommScope, regardless of the resolution of the claims against CommScope. . . Fully adjudicating infringement as to an entirely different set of products is not a 'minor issue.'" *Id*. at *5. The decision in *DSS Tech. Mgmt., Inc. v. Intel Corp*., 2015 WL 12806514 (E.D. Tex. Nov. 12, 2015) is another case focusing on the "true defendant." The court declined to hold Intel as the "true defendant" because it was responsible for only a portion of the alleged infringement. Similarly, in *American Academy of Science v. Novell, Inc*., 1992 WL 313101 (N.D. Cal. July 9, 1992), that court reasoned: "[W]here a patentee has a separate interest in litigating against the customer, the 'real party in interest' rationale for giving priority to the manufacturer's lawsuit is inapplicable." *Id*. at *3. The court held that judicial economy would not be served by staying the claims against the customer, BOA, while the manufacturer, Novell, proceeded with its declaratory judgment action because there were other major infringement issues that would need to be resolved against BOA, namely the declaratory judgment action by Novell would not resolve the infringement issues raised by the non-Novell systems. *Id*. at *3, FN 3.[1]

---

[1] Whether the accused products of the retailer come from multiple sources is a significant factor because it goes to whether the later filed W.D. Tex Action will dispose of the major issues in this case. In addition to *Fractus*, *DSS*, and *American Academy,* numerous other cases have found the presence of other manufacturer's devices or technology to be a significant issue in the analysis. *Tegic* is an example of the Federal Circuit considering this issue. *Cherdak v. Stride Rite Corp*., 396 F.Supp.2d 602 (D. Md. 2005), is another example. In *Cherdak*, the court declined to apply the customer suit exception: "[m]ost importantly, the determination of BBC's liability will not entirely determine Stride Rite's liability; not all of Stride Rite's accused products were purchased from BBC." *Id*. at 605. (underlining added). *Contentguard Holdings* is yet another decision finding this factor to be important. "[R]esolution of Google's declaratory judgment action would not be dispositive of the Amazon action. First, Google is not the only supplier of allegedly infringing technology in the Amazon case." *Contentguard*, at *3. Since Amazon's declaratory judgment action will not resolve the majority of the charges against Best Buy, that action should not take precedence over this case.

The W.D. Tex Action will not dispose of the vast majority of the major infringement issues in this case, such as Best Buy's infringement related to non-Amazon products, non-Amazon products that incorporate Amazon's Alexa software and Best Buy's inducement.[2] Because Amazon is not the "true defendant" under the framework of the customer suit exception, this Court should deny Best Buy's request for a stay without further consideration.

### C. 35 U.S.C. Section 299 Does Not Support Best Buy

Section 299 applies only to the joinder of multiple <u>defendants</u>. This Court addressed this in a very similar setting in *Fractus*: "Section 299 applies to parties who are involuntarily joined as defendants under Rule 20…" *Fractus S.A. v. AT&T Mobility LLC,* 2019 WL 3253639, *3 (E.D. Tex. July 19, 2019). The Court's reasoning in *Fractus* is particularly relevant here "[t]he joinder of additional *claims* under Rule 18 is completely distinct from the issues of joinder of *parties* under Rule 20. Section 299 is concerned with the latter, not the former." *Id*. at *4 (italics in original). The statute has no applicability to this action directed at Best Buy.[3]

### D. Amazon's Technology Is Included In Other Manufacturer Devices Sold By Best Buy

Corydoras accused Best Buy of infringement with respect to Dell laptops, some of which

---

[2] The four cases in footnote 3 of Best Buy's Reply do not support Best Buy. *GeoTag, Inc. v. Fred's, Inc*. 2013 WL 2181166 (W.D. Tenn. May 20, 2013) applied the first-to-file rule and <u>explicitly stated it was not addressing the customer suit exception</u>. In *Select Retrieval, LLC v. ABT Electronics*, 2013 WL 6576861 (N.D. Ill. Dec. 13, 2013), the court found that the record clearly showed that defendants believed the accused technology was from a sole source. *Pragmatus Telecom, LLC v. Advanced Store Co., Inc*., 2012 WL 2803695 (D. Del. July 10, 2012) involved a declaratory judgment action filed by the manufacturer and several customer suits all in the same district. Thus, that case did not involve issues of a change of forum. *QFO Labs, Inc. v. Best Buy Stores, L.P*., 2018 WL 3966313 (D. Minn. Aug. 17, 2018) was decided on the first-to-file rule in favor of the manufacturer's first filed case.

[3] Best Buy says, in footnote 5, that there is "virtually no difference" between this case and *WiAV Networks, LLC v. 3Com Corp*., 2010 WL 3895047 (N.D. Cal. Oct 1, 2010). The plaintiff in that case named 68 different, unrelated companies as defendants. That is a clear distinction from this case.

are preloaded with Amazon's Alexa. (See Ex G to Doc. 44). Amazon Alexa or another application on those devices can perform remote control. Best Buy's argument that liability for those devices should be decided in the W.D. Tex Action further highlights the inefficiency a stay would create – because under Best Buy's approach, infringement related to Best Buy's sale and inducement of Dell devices would be split between two courts depending on which remote control functionality was at issue. Such a result would not promote efficiency.

### E. The Asserted Method Claims Show That Infringement Issues Vary Between Best Buy and Amazon

Best Buy claims that Corydoras' assertion of method claims and Best Buy's actions of inducement do not matter. (Reply, p.4). Those assertions do matter. Those assertions matter because they illustrate that the infringement issues between Best Buy and Amazon vary. However, rather than addressing those issues, Best Buy attempts to mis-direct the Court by citing to cases that had substantially different fact patterns. Here, the important distinction is that the method claims have different (fewer) limitations than the apparatus claims, and it is asserted that Best Buy is inducing its customers through its own acts. The reasoning in *ReganLab USA LLC v. Estar Tech Ltd.*, 2017 WL 3535008 (S.D. NY, Aug. 17, 2017) is instructive, on-point and applies to this case:

> For instance, if Healeon is found to have designed the instructions on the Healeon PRP product that Plaintiff alleges induce infringement of Claim 20 without Estar's input or approval, it may be liable and Estar not. Similarly, Eclipse potentially could be found liable for inducing infringement on the basis of its product demonstrations, in which, presumably, Estar has no involvement. Conversely, Estar could be found liable for inducing infringement based on the manufacture and sale of the Mycells or Tropocells products, with which Eclipse and Healeon may not have any involvement.

*Id.* at *6.

For these reasons, Best Buy's motion should be denied.

|  |  | Respectfully submitted, |
|---|---|---|
| Dated: February 17, 2020 | By: | */s/ John T. Polasek* |

Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Telephone: (903) 845-5700

John T. Polasek
Texas Bar. No. 16088590
ted@epiplawyers.com
Elliott & Polasek, PLLC
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile: (832) 778-6010

*Attorneys for Plaintiff,
Corydoras Technologies, LLC*