# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CORYDORAS TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | Case No. 2:19-cv-00304-JRG-RSP |
| BEST BUY CO., INC. and BEST BUY STORES, L.P., | § § § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is the Opposed Motion to Stay Claims Pending Resolution of Declaratory Judgment Action in the Western District of Texas ("Motion to Stay"), which was filed by Defendant Best Buy Co., Inc. and Defendant Best Buy Stores, L.P. ("Best Buy"). Dkt. No. 42. This case involves claims of infringement by Plaintiff Corydoras Technologies, LLC ("Corydoras") against Best Buy involving accused products made by nine different manufacturers, including Amazon, Microsoft, Dell, Alienware, HP, Acer, Google, Nokia and BLU. This case was filed on September 4, 2019, while the Declaratory Judgment action was not filed until November 11, 2019. As the first filed case, this case would typically proceed under the first-to-file rule. Best Buy argues that it is merely the customer of Amazon.com, Inc. ("Amazon"), which is a manufacturer of some of the accused products. Consequently, pursuant to the customer-suit exception, Best Buy argues that it is appropriate to stay this case pending the resolution of Amazon's later-filed declaratory judgment action in the Western District of Texas.

After due consideration, the Court is persuaded that the customer-suit exception does not apply in this case. The Court reaches this conclusion because (1) Amazon is not the only manufacturer of accused products in this case, so the declaratory judgment action will not resolve a significant portion of this case; (2) Amazon does not seek to invalidate the patents in the

declaratory judgment action, and this diminishes the impact of that action even further; (3) a ruling in the declaratory judgment action with respect to Amazon will not conclusively resolve any counts of infringement against Best Buy, in this case, for method claims; and (4) a ruling in the declaratory judgment action with respect to Amazon will not resolve the counts of indirect infringement against Best Buy in this case. For similar reasons, the Court concludes that the facts and circumstances in this case are far from those that gave rise to the customer suit exception, and as such, a stay would be inappropriate under the traditional stay factors. The Court therefore **DENIES** this Motion.

## I. THE PROPER COURT TO RESOLVE THIS DISPUTE

As an initial matter, the Court notes that on the same day Best Buy filed its Motion to Stay, Amazon filed a motion in its declaratory judgment action seeking to enjoin Plaintiff Corydoras Technologies, LLC ("Corydoras") from continuing to litigate this action. Opp. Mot. of Amazon.com, Inc. to Enjoin Corydoras Techs., LLC from Litigating Customer Suit, *Amazon.com, Inc. v. Corydoras Techs., LLC*, No. 1:19-cv-01095-RP, Dkt. No. 13 (W.D. Tex. Jan. 14, 2020). While either court is competent to resolve this matter, the courts have devised the "first to file" rule to eliminate the judicial inefficiency of having both courts address the same issue.

"[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but *also* establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (emphasis added). The customer suit exception, articulated by the Federal Circuit, is an exception to the first portion of this rule regarding the substantive question of which *action* should proceed first. However, it is not an exception to the second portion of this rule regarding the purely procedural question of which *court* should make

that decision. *See Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574–75 (Fed. Cir. 1984) ("[T]he Federal Circuit shall review procedural matters, that are not unique to patent issues, under the law of the particular regional circuit court . . . ."). That rule in the Fifth Circuit is clear. "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

An exception to the rule regarding which court should decide the appropriate suit to move forward would vitiate the very purpose of the rule. Two courts with substantially related actions might disagree as to whether it was appropriate to apply an exception to the general rule governing which of them should decide the question of which action should proceed. Both courts might conclude that they are the appropriate court to answer the question and might reach inconsistent decisions about which action should proceed. Such a result would be inconsistent with a general rule designed to foster the "the principle of comity" that "requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Save Power*, 121 F.3d at 950.

Thus, regardless of whether an exception might determine that a case other than the first-filed case should be the first to go forward, the first-filed court should always "decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Cadle*, 174 F.3d at 606. "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed." *Id.* at 605 (alterations in original). "Thus, once the district court [finds] that the issues might substantially overlap, the proper course of action [is] for the court to transfer the

case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Id.* at 606.

## II. CUSTOMER SUIT EXCEPTION

Judge Bryson's recent opinion in *CyWee Grp. Ltd. v. Huawei Device Co.* provides significant insight into the application of the customer suit exception. No. 2:17-CV-495, 2018 WL 4002776, at *4 (E.D. Tex. Aug. 22, 2018) (Bryson, J.). "The customer suit exception is an exception to the general rule that favors the forum of the first-filed action; it provides that where a manufacturer and its customer have both been sued, the action against the manufacturer should ordinarily proceed first, regardless of which action was first filed." *Id.*; *see also Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). The customer suit exception is based on a manufacturer's presumed greater interest in defending its actions against charges of patent infringement, and the exception is also in place to guard against possibility of abuse. *Id.* (quoting *Kahn*, 889 F.2d at 1081). Efficiency and judicial economy are guiding principles underlying the doctrine (*id.* (citing *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006)), and "a critical question under the customer suit exception 'is whether the issues and parties are such that the disposition of one case would be dispositive of the other'" (*id.* (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015) (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990)))). Importantly, Judge Bryson set forth factors that should be analyzed:

> In determining whether the customer suit exception applies, the court analyzes three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) ***whether the manufacturer is the only source of the infringing product***."

*Id*. at \*5 (internal citations omitted) (emphasis added); *see also Tegic Commmc'ns Corp*., 458 F.3d at 1343 (concluding that "it would not be demonstrably more efficient to stay" first-filed suits in favor of a manufacturer's later-filed suit when the patent-owner argued that the manufacturer was "not the only source of the software used in the phones alleged to infringe"). "[T]he Court does not apply the factors in a mechanical or precise manner and instead adopts a flexible approach in order to assess whether judicial resources will be saved." *Id*. (internal quotations omitted); *see also Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co*., No. 2:15-CV-1202, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) (Bryson, J.).

Additionally, this Court's recent Order in *Fractus, S.A. v. AT&T Mobility LLC* provides relevant insight into the present situation. Case No. 2:18-CV-00135, 2019 WL 3253639 (E.D. Tex. July 19, 2019) (Gilstrap, J.). In that case, a plaintiff asserted patent infringement claims against CommScope, which was a manufacturer, and several customers. *See id*. at \*1. CommScope filed a motion seeking to (1) sever claims against it into a separate case and (2) stay other pending claims against customers pending the resolution of the CommScope's severed case. *Id*. The Court denied this request, primarily because CommScope was not the sole manufacturer of the customers' accused products. *Id*. at \*5. In fact, CommScope was one of seven different manufacturers. *Id*. at \*1. "Where a customer is sued for infringement based upon accused products it purchased from multiple unrelated manufacturers, the customer is the 'true defendant,' not any single manufacturer." *Id*. at \*4 (citing *In re Nintendo*, 756 F.3d 1363 (Fed. Cir. 2014)). The Court recognized that "the manufacturer's case need only have the potential to resolve 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of customer suits." *Id*. at \*5 (citing *Cellular Commc'ns Equip., LLC. v. Apple Inc*., No. 6:14-CV-251, 2016 WL 6884648, at \*3 (E.D. Tex. Aug. 26, 2016)). Even considering this, the Court concluded that

severance was inappropriate, stating that infringement issues for entirely different sets of products would remain and that "'adjudication of the severed claims' cannot possibly 'dispose of the remaining claims.'" *Id*.

A stay is even less appropriate here than it would have been in *Fractus*. Here, similar to situation presented in *Fractus*, Amazon is not the sole manufacturer of the accused products. As Best Buy acknowledged in its brief, Corydoras has alleged infringement by the products of a host of additional manufacturers other than Amazon, including Microsoft, Dell, Alienware, HP, Acer, Google, Nokia and BLU. Since Amazon is just one of nine manufacturers of the accused products, the reasoning within *Fractus* applies here with even greater force. The customers themselves are the "true defendants" because they purchased accused products from multiple unrelated manufacturers. Even if the declaratory judgment action somehow resolved all claims related to Amazon's accused products, all of the other non-Amazon accused products would still remain in this case. The large number of manufacturers also suggests that the customer suit exception is inapplicable based on the reasoning provided in *Tegic* and in *CyWee*.

Additionally, Amazon's declaratory judgment action does not seek to invalidate the patents-in-suit, making a stay even less appropriate. *See* Case No. 1:19-cv-01095-RP, Dkt. No. 1 at 6–12. By contrast, CommScope did seek to invalidate the patents in *Fractus*. *See Fractus*, 2019 WL 3253639, at *5; *see, e.g.*, Case No. 2:18-cv-00135, Dkt. No. 92 at 16. Given that invalidity is not addressed in that case, Amazon's declaratory judgment action is even less likely to resolve major issues in the case. "[A] critical question under the customer-suit exception 'is whether the issues and parties are such that the disposition of one case would be dispositive of the other.'" This distinction provides further support for a conclusion that the customer-suit exception does not apply here.

In *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016), Judge Bryson observed that, where claims of induced infringement based on method claims are involved, a declaratory judgment action by an alleged manufacturer would not necessarily resolve issues of infringement against a customer. *Id*. at *3–4. Judge Bryson recognized that this situation was distinguishable from other situations where the defendant was accused of infringing the asserted patent "off the shelf." *Id*. at *3. Additionally, because "proof of infringement by Lilly would not necessarily establish infringement by Brookshire," Judge Bryson concluded that the "case therefore does not fall within the customer-suit exception as it is conventionally applied to manufacturers and retailers who are both alleged to be direct infringers of an apparatus patent." *Id*. at *4.

Here, Corydoras asserts that Best Buy infringed:

- Claims 1, 3, 6–10, and/or 15–18 of U.S. Patent No. 7,778,664;
- Claims 1–3, 5, 8–11, and/or 16–18 of U.S. Patent No. 7,945,256, of which Claims 3 and 16–18 are method claims;
- Claims 1–3, 5, 8–11, and/or 16–18 of U.S. Patent No. 7,996,037, of which Claims 3 and 16–18 are method claims;
- Claims 1–3, 5, 8–11, and/or 16–18 of U.S. Patent No. 8,024,009, of which Claims 3 and 16–18 are method claims; and
- Claims 1–6, 8-11, and/or 13–16 of U.S. Patent No. 8,731,540, of which Claims 3 and 14–16 are method claims.

Dkt. No. 1 at ¶¶ 20, 23, 40, 43, 60, 63, 80, 83, 100, 103. Additionally, Corydoras alleges that Best Buy indirectly infringes the asserted patents "by inducing its customers of Accused Products to directly infringe one or more claims of the [asserted patents] through their use of such Accused Products in accordance with Best Buy's encouragement and/or instructions." *See, e.g.*, *id*. at ¶ 36.

Regardless of whether Amazon's declaratory judgment action is successful, the resolution of those indirect infringement claims against Amazon would not resolve any direct infringement claims against Best Buy. Even if a jury found that Amazon indirectly infringed, that would not necessarily mean that Best Buy directly infringed; an indirect infringement claim against an alleged manufacturer may be predicated upon acts of direct infringement by either a customer (such as Best Buy), end users, or other parties. As such, a finding of indirect infringement by Amazon could be predicated solely upon acts of direct infringement by end users rather than Best Buy. Further, even if a jury found no indirect infringement by Amazon, Best Buy may still directly infringe.

The second-filed declaratory judgment action also cannot resolve issues of indirect infringement against Best Buy for any of the asserted patent claims. To prevail on claims of indirect infringement against Best Buy for inducement, Corydoras must show that (1) there has been an act of direct infringement, (2) Best Buy knowingly induced infringement, and (3) Best Buy possessed specific intent to encourage another's infringement. *See Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1353–54 (Fed. Cir. 2008). Amazon's declaratory judgment action will not resolve issues as to whether Best Buy knowingly induced infringement or whether Best Buy possessed the specific intent to encourage another's infringement, so a finding of indirect infringement by Amazon would not conclusively resolve any claims of indirect infringement against Best Buy. Thus, critical infringement issues would still remain unresolved with respect to Amazon products if this case were stayed.

"[A] critical question under the customer suit exception 'is whether the issues and parties are such that the disposition of one case would be dispositive of the other'" *CyWee*, No., 2018 WL 4002776, at *4 (citing *Vantage Point*, 2015 WL 123593, at *2 (internal quotation omitted)). Here,

for the reasons stated above, the answer to that question is no. Accordingly, the Court concludes that, under these facts, the customer-suit exception is inapplicable.

### III.   TRADITIONAL STAY FACTORS

Courts frequently consider three factors when determining whether a stay is appropriate: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Id*. at \*3 (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). The parties largely focused their arguments on the applicability of the customer-suit exception. However, beyond these arguments and considering the above factors, the Court concludes that a stay would be inappropriate.

The factor of "whether a stay will simplify the issue in question and trial of the case" weighs strongly against a stay. As already noted, (1) Amazon is not the only manufacturer of accused products in this case, so the declaratory judgment action will not resolve a significant portion of this case; (2) Amazon merely seeks a declaration of non-infringement in its case, and it does not seek a declaration of invalidity; (3) a ruling in the declaratory judgment action with respect to Amazon will not conclusively resolve any counts of infringement against Best Buy for method claims; and (4) critical indirect infringement issues will remain regardless of how the Amazon case is resolved. Thus, even if a stay were granted and several issues were resolved, a large number of issues would still remain open and unresolved in this case. The Court concludes this factor weighs strongly against a stay.

The factor of "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party" is relatively neutral. Best Buy argues that "[l]itigating in the Western

District of Texas and staying the customer case presents no clear tactical disadvantage" because "[i]f the customer case is stayed and Corydoras prevails, it would still be able to pursue its claims against the customers in this district." Dkt. No. 42 at 8 n.2. However, litigating these issues in the Declaratory Judgment action would prejudice Corydoras to some degree because (1) Corydoras would not be able to address issues related to Amazon along with all of the related issues and (2) any favorable relief for Corydoras could be substantially delayed if this case were stayed. This Court has previously addressed these issues as to this factor. *CyWee*, 2018 WL 4002776, at *3.[1] The Court concludes that this factor weighs against a stay because of the increased expense and delay.

The third factor—whether discovery is complete and whether a trial date has been set—is neutral. This case is set for trial on January 4, 2021, and the deadline for the completion of fact discovery is August 17, 2020. Dkt. No. 22 at 1, 3. The discovery order in this case was entered on December 17, 2019 (Dkt. No. 32), and Parties have already engaged in initial and additional disclosures (*see, e.g.*, Dkt. No. 30). Discovery remains ongoing and claim construction has not yet occurred. The parties have already been conducting discovery for approximately four months. The Court concludes that this factor is neutral.

Weighing the factors together, the Court concludes that a stay is inappropriate under the traditional three-factor test.

---

[1] "[T]he prompt enforcement of its patent rights is entitled to weight." *Id*. While this concern is insufficient standing alone to defeat a stay motion, *see id*. (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)), several other facts support the denial of Best Buy's Motion to Stay here. The Court has also considered concerns with forum shopping in conjunction with the factor of "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *See id*. ("As Huawei notes, CyWee chose the forums in which to file both actions, and selected the District of Delaware as its preferred forum for the second action, so it has no ground to complain of forum shopping.").

## IV. CONCLUSION

The Court concludes that the customer-suit exception is inapplicable under the facts of this case, and that a stay is inappropriate under the traditional stay factors. Accordingly, the Court **DENIES** Best Buy's Motion to Stay (Dkt. No. 42).

**SIGNED this 16th day of March, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE